No. 51,259

STATE OF KANSAS, *Appellee,* v. EDWARD R. DAVIS, *Appellant.*

(605 P.2d 572)

Opinion filed January 19, 1980.

*John C. Amorosa,* of Kansas City, argued the cause and was on the brief for the appellant.

*Dennis L. Harris,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Nick A. Tomasic,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal in a criminal action from a court judgment which found Edward R. Davis (defendant-appellant) guilty of aggravated robbery (K.S.A. 21-3427). The appellant contends the trial court erred in finding the use of a starter pistol in the robbery elevated the crime to aggravated robbery, and that the court erred in imposing sentence under K.S.A. 1978 Supp. 21-4618.

On January 21, 1979, the appellant and a male juvenile entered a 7-11 store in Kansas City, Wyandotte County, Kansas. The appellant displayed a .22 caliber starter pistol and ordered the female store attendant to the rear of the store, where she was told to remove her clothes. While the appellant emptied the cash register his juvenile accomplice raped the store attendant. When the appellant returned to the rear of the store and began talking with his accomplice, the attendant escaped and summoned the police.

The appellant was originally charged with aggravated robbery

(K.S.A. 21-3427), rape (K.S.A. 1978 Supp. 21-3502[1][a]), and kidnapping (K.S.A. 21-3420[b]). After preliminary hearing the latter two charges were dropped and the parties proceeded to trial on the single count of aggravated robbery. The information, in pertinent part, charges that "Edward R. Davis and one John Doe, a juvenile, did take property, to wit: U.S. currency from the person or presence of [store attendant] while said defendants were armed with a dangerous weapon, to wit: handgun, contrary to K.S.A. 21-3427."

On May 4, 1979, the case was submitted to the court on stipulated facts. Both the State and the appellant requested the court to determine if the use of a starter pistol elevated the crime from robbery to aggravated robbery. The weapon was described as a .22 caliber blank gun which was incapable of firing a projectile because the barrel was blocked by a piece of metal.

The trial court personally examined the gun and found the appellant guilty of aggravated robbery. Sentence was imposed pursuant to K.S.A. 1978 Supp. 21-4618 after the trial court determined that a firearm was used in the crime. Appeal was duly perfected.

The appellant first contends the trial court erred in finding that the display of a starter pistol, which was incapable of firing a projectile, elevated a robbery to an aggravated robbery. K.S.A. 21-3427 defines aggravated robbery as "a robbery committed by a person who is armed with a dangerous weapon or who inflicts bodily harm upon any person in the course of such robbery." Simply stated, our task is to determine whether a starter pistol is a dangerous weapon.

In *State v. Mitchell,* 220 Kan. 700, 706, 556 P.2d 874 (1976), we held an unloaded gun is a dangerous weapon. In *State v. Deutscher,* 225 Kan. 265, 267-70, 589 P.2d 620 (1979), we held an unloaded revolver was a deadly weapon, and stated there is no distinction between the terms deadly weapon and dangerous weapon. We have also upheld convictions when the existence or condition of the weapon was questionable. In *State v. McCambry,* 225 Kan. 803, 804, 594 P.2d 222 (1979), the defendant argued the gun was not a dangerous weapon because it was in two pieces at the scene of the crime. We upheld the conviction, stating that the dangerous nature of the weapon was a question of fact which the jury decided. In *State v. Robertson,* 225 Kan. 572,

574, 592 P.2d 460 (1979), the defendant never exhibited a weapon to the robbery victim. We nevertheless held the evidence was sufficient to support the charge of aggravated robbery. In reaching that conclusion we stated:

"As his first point on the appeal, the defendant contends that the trial court erred in refusing to dismiss the charge of aggravated robbery on the basis that the evidence presented in the case was insufficient to establish that the defendant was armed with a dangerous weapon at the time of the robbery. In support of his position, the defendant points out that no one actually saw a gun or any other dangerous weapon, that the robber did not expressly inform the store employees that he was armed or had a gun, that no excessive bulge was observed in the robber's pocket prior to the time he put his hand into his pocket, and that no gun was ever recovered in the investigation. From these facts, the defendant argues that he should not have been charged with aggravated robbery.

"We have concluded that the question of whether the defendant was armed with a dangerous weapon at the time of the robbery was one of fact for the jury to determine. It was not necessary for the State to show that the robber actually exhibited the weapon to the victim in order to raise a jury question. The only requirement was that there be some substantial evidence which raised a reasonable inference that the defendant was armed. As this court pointed out in *State v. Buggs*, 219 Kan. 203, 547 P.2d 720 (1976), the aggravated robbery statute (K.S.A. 21-3427) requires only that the robber be 'armed with' a dangerous weapon, not that the robber openly display the weapon to the victim. Here the victim, Larry Williams, testified that the actions of the defendant in the store led him to believe that the defendant had a pistol or some other type of weapon. The conduct of the defendant, coupled with his statements at the time, constituted circumstantial evidence that the defendant was armed with a firearm. The fact that the jury chose to find the defendant guilty of simple rather than aggravated robbery does not mean that the evidence was insufficient to support the original charge. It means only that the jury had a reasonable doubt as to whether the defendant was armed and, therefore, acquitted the defendant of the greater offense. We hold that the trial court did not err in submitting to the jury the charge of aggravated robbery."

There is a split of authority existing among other jurisdictions as to whether a starter pistol is a dangerous weapon. Those decisions are discussed in 67 Am. Jur. 2d, Robbery § 6, p. 33, and in Annot: Robbery by Means of Toy or Simulated Gun or Pistol, 81 A.L.R.3d 1006, 1047. Generally, the courts which hold starter pistols are dangerous or deadly weapons rely on a subjective analysis. Since robbery has always involved intimidation or fear, the circumstances of the robbery, including the weapon, are examined from the victim's point of view. An object can be a dangerous weapon if intended by the user to convince the victim that it is a dangerous weapon and the victim reasonably believes it is a dangerous weapon. Our decision in *State v. Robertson,* 225

Kan. at 574, reflects this subjective analysis. See also *State v. Prince,* 227 Kan. 137, 605 P.2d 563 (1980).

We are satisfied the trial court correctly ruled the appellant's use of a starter pistol elevated the robbery to aggravated robbery. The appellant clearly intended the store attendant to believe the gun was operable and dangerous. The victim could not determine from viewing the gun that it was a starter pistol with a blocked barrel. The cash register was emptied, and the victim was forced to disrobe and submit to rape, because the appellant had the apparent ability to execute the implied threat to use the weapon if resistance was offered. We also note that the starter pistol could easily have been used as a bludgeon. Under these circumstances the starter pistol was a dangerous weapon.

The second issue raised by the appellant is whether the starter pistol was a "firearm" within the meaning of K.S.A. 1978 Supp. 21-4618, which provides:

"Probation shall not be granted to any defendant who is convicted of the commission of any crime set out in article 34 of chapter 21 of the Kansas Statutes Annotated in which the defendant used any firearm in the commission thereof and such defendant shall be sentenced to not less than the minimum sentence of imprisonment authorized by law for that crime. This section shall apply only to crimes committed after the effective date of this act."

We specifically deferred to future consideration of this issue in *State v. Deutscher,* 225 Kan. at 272-73, wherein we held an unloaded revolver was a "firearm." Kansas statutes do not define "firearm."

The State contends the trial court properly found the starter pistol was a firearm based on examination of the gun, the gun's use during the crime, and the victim's perception of the gun. The appellant contends the finding was erroneous because criminal statutes must be construed strictly against the State and in favor of the defendant. *State v. Stuart and Jones,* 223 Kan. 600, 575 P.2d 559 (1978).

After reviewing the decisions from other jurisdictions which have dealt with this issue we find but one logical conclusion. A firearm is consistently defined in terms of its design or capacity to propel a projectile by force of an explosion, gas, or other combustion. See *People v. Norton,* 80 Cal. App. 3d Supp. 14, 146 Cal. Rptr. 343 (1978); *Schmit v. Guidry,* 204 So. 2d 646 (La. 1967); *State v. Millett,* 392 A.2d 521 (Me. 1978); *Coleman v. State,* 506 P.2d 558 (Okla. Crim. 1972); *State v. Hash,* 34 Or. App. 281, 578

P.2d 482 (1978); *Commonwealth v. Layton,* 452 Pa. 495, 307 A.2d 843 (1973). See also Black's Law Dictionary 761 (4th ed. rev. 1968). It was stipulated that the appellant's starter pistol lacked the capacity to propel a projectile. In light of the definition adopted herein, the trial court erroneously determined the pistol was a firearm. See *State v. Taylor,* 225 Kan. 788, 795, 594 P.2d 211 (1979); *State v. McCarty,* 224 Kan. 179, Syl. ¶ 1, 578 P.2d 274 (1978).

The judgment of conviction is affirmed. However, based upon the facts and circumstances of this case, the sentence is set aside and vacated. The case *is* remanded *to the* lower court with directions that the appellant be resentenced.