No. 53,480

STATE OF KANSAS, *Appellant,* v. LAWRENCE G. PELZER, *Appellee.*

(640 P.2d 1261)

Opinion filed February 27, 1982.

*Jack Peggs,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, were with him on the brief for the appellant.

*Edward J. Healy,* of Fleeson, Gooing, Coulson & Kitch, of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: This is an appeal by the State on a question reserved pursuant to K.S.A. 1980 Supp. 22-3602. The sentencing court, after the defendant was convicted of the crime of aggravated robbery while armed with a dangerous weapon (a handgun), refused to impose a mandatory minimum sentence under K.S.A. 1980 Supp. 21-4618 when it was established that defendant used an inoperable handgun in the commission of the crime. The State appeals.

The question concerning the operability of the handgun arose in this manner. The defendant requested that the handgun be test-fired by the firearms laboratory of the Wichita Police Department prior to the entry of any plea. The test-firing disclosed that the handgun could not fire a bullet because of a mechanical defect in the firing mechanism. The firing pin would not strike the cartridge when the trigger was pulled.

Armed with the findings and report of the Wichita Police Department, defendant entered a plea of guilty to the crime of aggravated robbery while armed with a dangerous weapon. He does not quarrel with the charge. The State requested a manda-

tory minimum sentence under K.S.A. 1980 Supp. 21-4618 which prohibits probation or suspension of sentence for those convicted of certain crimes, which include aggravated robbery, "in which the defendant used any firearm in the commission thereof."

This statute does not define a "firearm," so this court supplied a definition in *State v. Davis,* 227 Kan. 174, Syl. ¶ 2, 605 P.2d 572 (1980):

"For purposes of sentencing under K.S.A. 1978 Supp. 21-4618, a 'firearm' is defined as an object having the design or capacity to propel a projectile by force of an explosion, gas, or other combustion."

Although certain amendments to 21-4618 have been made since *Davis* was handed down, none affect the definition of a firearm adopted by this court in *Davis.*

In *Davis* we were concerned with a starter pistol which had been used in committing the crime. The starter pistol had a permanent plug in the barrel which prevented the firing of a projectile. It was neither designed nor did it have the capacity to propel a projectile. This court held it was a dangerous weapon, which if used in the commission of a robbery would raise the offense from robbery to aggravated robbery. However, since it was neither designed nor capable of propelling a projectile it could not be considered a firearm within the meaning of 21-4618.

In *State v. Deutscher,* 225 Kan. 265, 589 P.2d 620 (1979), this court had previously held that an unloaded revolver was a firearm within the meaning of 21-4618 even though the defendant did not have access to any cartridges for the revolver. There it was said that "[t]he failure of the officers to find live ammunition within reach of the defendant when he was stopped does not make the revolver any less a firearm." 225 Kan. at 272.

Whether a particular weapon falls within the statutory terms, dangerous weapon or firearm, depends in large part upon the intent of the legislature. *State v. V. F. W. Post No. 3722,* 215 Kan. 693, 695, 527 P.2d 1020 (1974). Where no definition of a statutory term has been provided in the statute, it rests with this court to construe the term based upon the nature and purpose of the statute in which it is used. The nature and purpose of the statute is of primary importance. *State v. Deutscher,* 225 Kan. at 270.

When 21-4618 was being considered in legislative committee the committee reports indicate the committee members felt that this act had at least two purposes: (1) it would deter the criminal

from using firearms to commit crimes, and (2) by reducing the number of crimes committed with firearms, it would save victims of such crimes from injuries and death from firearms. These purposes stated by committee members apply both to aggravated crimes where dangerous weapons are used and to crimes where firearms are used. So the legislative history is not pinpointed enough to be helpful to the issue in this case.

The federal cases are not helpful. The federal counterpart to the Kansas act, 18 U.S.C.A. 921 *et seq.,* defines firearm as follows:

"(3) The term 'firearm' means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver or any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm." 18 U.S.C.A. 921(a)(3).

Examination of the various state decisions in this area affords small comfort. The cases divide into three categories: (1) those that hold an inoperable handgun is not a firearm, (2) those that hold an inoperable handgun is a firearm, and (3) those that hold an inoperable handgun is a firearm if it can be readily repaired so as to be operable. There is no discernible majority.

After considering the foregoing we see no reason to retreat from the definition set forth in *State v. Davis,* 227 Kan. 174. The definition clearly covers two alternatives. A firearm is to be determined by its design or by its capacity to propel a projectile. The trial court in the present case found the gun "was designed to propel a projectile." Any handgun which is designed to propel a projectile is a firearm. Any present disrepair which might render it inoperable does not make it any less a firearm. If the legislature intended to exclude from the term "firearm," as used in 21-4618, those firearms which are inoperable it could have so stated. This it failed to do.

We hold the use of a firearm, as the word "firearm" is defined in *State v. Davis,* 227 Kan. 174, Syl. ¶ 2, in the commission of any crime set out in Article 34 of Chapter 21 of Kansas Statutes Annotated requires the imposition of a mandatory sentence as provided in K.S.A. 1980 Supp. 21-4618, regardless of whether the firearm is operable or inoperable.

This case is reversed as to sentence and remanded to the trial court for proper sentencing under K.S.A. 1980 Supp. 21-4618.