(657 P.2d 1139)

No. 54,686

STATE OF KANSAS, *Appellee*, v. MICHAEL JOHNSON, *Appellant.*

Opinion filed February 10, 1983.

*Chris McNeil*, deputy public defender, of Junction City, for the appellant. No appearance for appellee.

Before FOTH, C.J., SPENCER and PARKS, JJ.

SPENCER, J.: This is an appeal from a conviction of aggravated assault of a law enforcement officer, K.S.A. 21-3411.

Defendant first contends his conviction is not supported by substantial competent evidence, and in particular there was no intentional threat on a law enforcement officer and the air rifle used was not a deadly weapon. In viewing the evidence in the light most favorable to the prosecution, as we are required to do, we are convinced that a rational factfinder could have found defendant guilty beyond a reasonable doubt. See *State v. Grauerholz*, 232 Kan. 221, Syl. ¶ 3, 654 P.2d 395 (1982).

Whether a pneumatic (pump) air rifle designed for and capable of shooting BB's or .177 caliber pellets is a deadly weapon is a question of fact to be determined by the trial court. See *State v. Robertson*, 225 Kan. 572, 574, 592 P.2d 460 (1979). The court in *State v. Davis*, 227 Kan. 174, 176, 605 P.2d 572 (1980), adopted the subjective test in determining whether a weapon is deadly:

"An object can be a dangerous weapon if intended by the user to convince the victim that it is a dangerous weapon and the victim reasonably believes it is a dangerous weapon."

The terms "deadly" or "dangerous" are used interchangeably by the courts. See also *State v. Deutscher*, 225 Kan. 265, 269, 589

P.2d 620 (1979). The court in *Deutscher* further noted the assault statute requires only apparent ability to do harm rather than present ability. 225 Kan. at 269.

The defendant had the apparent ability to do harm and obviously intended to convince anyone entering his apartment that he had a deadly weapon. In *State v. Prince,* 227 Kan. 137, 141, 605 P.2d 563 (1980), the court held an unloaded BB pistol (air gun), which was incapable of propelling a projectile, was a dangerous weapon. The air rifle in the present case was loaded and operable and gave the impression it was deadly. Thus, the finding that the air rifle was a deadly weapon is supported by the evidence.

The final question is whether an air rifle is a firearm within the meaning of the mandatory sentencing statute. K.S.A. 21-4618(1) prohibits probation or suspension of sentence for those convicted of certain crimes, which include aggravated assault on a law enforcement officer, if any firearm is used in the commission thereof. The trial court imposed the mandatory minimum sentence pursuant to the statute.

In *State v. Pelzer,* 230 Kan. 780, 781, 640 P.2d 1261 (1982), the court discussed the application of 21-4618:

"This statute does not define a 'firearm,' so this court supplied a definition in *State v. Davis,* 227 Kan. 174, Syl. ¶ 2, 605 P.2d 572 (1980):

'For purposes of sentencing under K.S.A. 1978 Supp. 21-4618, a "firearm" is defined as an object having the design or capacity to propel a projectile by force of an explosion, gas, or other combustion.'

Although certain amendments to 21-4618 have been made since *Davis* was handed down, none affect the definition of a firearm adopted by this court in *Davis.*"

### The court later reaffirmed the definition:

"After considering the foregoing we see no reason to retreat from the definition set forth in *State v. Davis,* 227 Kan. 174. The definition clearly covers two alternatives. *A firearm is to be determined by its design or by its capacity to propel a projectile.*" 230 Kan. at 782; emphasis added.

Relying on *Davis* and *Pelzer,* the trial court reached the conclusion that any gun which is designed to propel a projectile is a firearm within the meaning of the statute. The court concluded the explosive force requirement established in *Davis* was limited by *Pelzer* and thus inapplicable. After reviewing the *Pelzer* decision, we conclude the trial court improperly applied the principles set forth in *Davis* and reaffirmed in *Pelzer.*

The court in *Davis* held a starter pistol with a permanent plug was neither designed nor did it have the capacity to propel a projectile. In *Pelzer* the court focused solely on a handgun designed as such but which could not fire a bullet because of a mechanical defect in the firing mechanism. We conclude that in order for an object to be a firearm as defined in *Davis*, it must either have been designed as such or have the capacity to propel a projectile by force of an explosion, gas, or other combustion. The air rifle used in this case was not originally designed to propel a projectile by explosive force nor did it have the capacity to do so. The air rifle was not a firearm as defined in *Davis* and the trial court improperly sentenced defendant under K.S.A. 21-4618.

The conviction is affirmed but the sentence is vacated and this case is remanded to the trial court for resentencing in light of this decision.