(694 P.2d 482)
No. 56,971

STATE OF KANSAS, *Plaintiff-Appellee*, v. WILLIE L. ROBINSON, *Defendant-Appellant*.

Opinion filed January 31, 1985.

*Robert L. Pottroff*, of Myers & Pottroff, of Manhattan, for the appellant.

*Colt Knutson*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before FOTH, C.J., MEYER and BRISCOE, JJ.

*Per Curiam*: Willie L. Robinson (defendant), appeals the application of K.S.A. 21-4618 to the sentence he received after pleading guilty to involuntary manslaughter. K.S.A. 1983 Supp. 21-3404.

Defendant, who was intoxicated, celebrated New Year 1984 by discharging a firearm in his backyard; his home was within the city limits of Manhattan, Kansas. After this celebration, defendant took the gun to his bedroom and attempted to unload it. According to defendant, as he was handing the gun to his common law wife so she could put it away, the gun discharged, killing her. While defendant was originally charged with second-degree murder, the charge was later reduced, and defendant pled guilty to involuntary manslaughter.

"On appeal, the scope of review of sentencing under K.S.A. 1979 Supp. 21-4618 is limited to whether there was competent evidence to support a finding that the defendant used a firearm in perpetrating the crime." *State v. Payton*, 229 Kan. 106, 111, 622 P.2d 651 (1981). Although the term "use" is not defined in

the statute, it was judicially defined in *State v. DeCourcy*, 224 Kan. 278, Syl. ¶ 4, 580 P.2d 86 (1978):

"Under K.S.A. 1976 Supp. 21-4618, which prohibits the granting of probation to any defendant convicted of an Article 34 crime in which 'the defendant used any firearm in the commission thereof,' the State must establish, and the sentencing court must find, that the firearm was an instrumentality of the crime."

The defendant's contention that he must have intentionally used a firearm before K.S.A. 21-4618 can be invoked is without merit. Competent evidence exists to support a finding that the firearm was an instrumentality of the crime. Intentional use of the firearm to commit a crime need not be shown.

In *State v. Pelzer*, 230 Kan. 780, 781-82, 640 P.2d 1261 (1982), our Supreme Court noted the purpose behind the legislation:

"When 21-4618 was being considered in legislative committee the committee reports indicate the committee members felt that this act had at least two purposes: (1) it would deter the criminal from using firearms to commit crimes, and (2) by reducing the number of crimes committed with firearms, it would save victims of such crimes from injuries and death from firearms."

In this case, death resulted from the criminal use of a firearm, the exact conduct which K.S.A. 21-4618 was designed to deter.

Affirmed.