No. 57,757

STATE OF KANSAS, *Appellee*, v. CECIL D. GREGORY, *Appellant*.

(702 P.2d 1383)

Opinion filed July 26, 1985.

*Ralph J. De Zago*, of Junction City, argued the cause and was on the brief for the appellant.

*Lloyd R. Graham*, assistant county attorney, argued the cause and *Steven L. Opat*, county attorney, and *Robert T. Stephan*, attorney general, were with him on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: This is an appeal by Cecil D. Gregory from the district court's sentence under K.S.A. 21-4618.

On December 6, 1984, Gregory entered a plea of guilty to one count of aggravated robbery. The robbery occurred on September 15, 1984.

Two Fort Riley soldiers were in Junction City on payday to "party." They met up with two people who said they were from the same unit. The soldiers agreed to go with their new acquaintances to have some beers.

While the four people were walking down the street, one of the soldiers indicated he needed to urinate. The two soldiers then proceeded into an alley, followed by their new-found "friends."

While in the alley the two strangers drew a small-caliber handgun and proceeded to rob and beat the two soldiers. Cecil D. Gregory was one of the robbers.

He thereafter pled guilty to aggravated robbery and was given the minimum sentence. The court denied probation pursuant to K.S.A. 21-4618, finding that a firearm was used in the commission of the crime. Gregory appeals from the sentence.

The sole issue on appeal is whether the trial court improperly found a "firearm" had been utilized in the commission of the aggravated robbery, thus requiring sentencing under K.S.A. 21-

4618, which bars probation or suspension of sentence. Gregory argues his plea of guilty to aggravated robbery does not necessarily admit a firearm was used. Aggravated robbery merely requires that a dangerous weapon be used which is a different standard from that required to determine whether a "firearm" was used for purposes of invoking K.S.A. 21-4618. *State v. Davis*, 227 Kan. 174, 605 P.2d 572 (1980).

Gregory admits there was sufficient evidence of the use of a dangerous weapon to uphold the charge of aggravated robbery, but denies there was any evidence a "firearm" was used.

In *Davis*, we held a starter pistol was a sufficiently dangerous weapon to allow the charge of aggravated robbery, but since the starter pistol did not have the "design or capacity to propel a projectile by force of an explosion, gas, or other combustion" it was not a firearm. 227 Kan. 174, Syl. ¶¶ 1 and 2. Thus, the district court's sentence in Davis had been improperly imposed under K.S.A. 21-4618.

In *State v. Pelzer*, 230 Kan. 780, 640 P.2d 1261 (1982), we stated the rule for determination of whether an inoperable gun was a "firearm." We held, "The trial court in the present case found the gun 'was designed to propel a projectile.' Any handgun which is designed to propel a projectile is a firearm. Any present disrepair which might render it inoperable does not make it any less a firearm." 230 Kan. at 782. See also *State v. Stellwagen*, 232 Kan. 744, 659 P.2d 167 (1983).

Gregory argues, based on *Davis* and *Pelzer*, that there was no evidence presented in this case to show the instrument was designed or had the capacity to fire a projectile. Further, since criminal statutes are construed against the State, he argues it was the State's obligation to prove a firearm had been used, rather than placing the burden on the appellant. See *State v. Stuart and Jones*, 223 Kan. 600, 575 P.2d 559 (1978).

Since there was no evidence introduced at a trial due to Gregory's plea of guilty, and the information to which he pled made no mention of a firearm, the trial court looked to the transcript of the preliminary hearing. The evidence introduced at the preliminary hearing was from the two victims. One testified the commission of the crime occurred with the use of a small-caliber handgun which was nickel plated. He testified the weapon was passed from the other assailant to Cecil Gregory.

The victim also testified the first assailant told Gregory to "put a cap in him." The victim did not understand what that meant.

The other victim testified he saw the first assailant hand a gun to appellant, which Gregory used to make the other victim get on the ground. The gun was never found.

The only evidence, therefore, as to the existence of a "firearm" was that a small-caliber handgun was used in the commission of the crime. There was no testimony the gun was a toy or a starter pistol as in *Davis*. Appellant argues the State failed to meet its burden of proof that a "firearm" was utilized in the commision of the crime. We disagree. In such cases the State has the burden of proving a "firearm" was used. The State's burden is discharged when sufficient evidence is introduced that the weapon used in the crime was a "firearm." The burden then shifts to the defendant to prove the weapon used was not a "firearm." Gregory did not discharge his burden. The district court properly found in this case there was sufficient evidence of the use of a "firearm" to impose the sentencing requirements of K.S.A. 21-4618.

The judgment of the trial court is affirmed.