No. 61,605

STATE OF KANSAS, *Appellee*, v. MICHAEL COLBERT, *Appellant*.

(769 P.2d 1168)

Opinion filed March 3, 1989.

*Jessica R. Kunen*, chief appellate defender, argued the cause and was on the brief for appellant.

*Debra L. Barnett*, assistant district attorney, argued the cause, and *Clark V. Owens*, district attorney, and *Robert T. Stephan*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: Michael Colbert appeals his jury trial convictions of two counts of aggravated robbery (K.S.A. 21-3427) and two counts of aggravated battery (K.S.A. 21-3414).

At approximately 5:00 on the morning of May 15, 1987, a black male entered a 7-Eleven store on North Waco Street in Wichita.

He told the clerk, Raymond McCullough, that he needed to use the restroom. McCullough, knowing the restroom was being used by the other store clerk, Robert Sanneman, stated that the restroom was occupied. The black male paced back and forth until Sanneman left the restroom; he then entered the restroom. A few minutes later he came out of the restroom wearing panty hose over his face and brandishing a .38 caliber gun. He ordered the clerks to put their hands in the air.

The man then forced the clerks to the floor and demanded money. He took the money from the cash register and the two clerks' wallets. The haul included some five-dollar bills, packets of 25 one-dollar bills, and rolls of coins. The robber demanded more money and tried to force the clerks to open the safe. He began striking the clerks with the pistol. Neither clerk had the capability of opening the safe. The robber stuck the gun barrel in McCullough's mouth. The clerk noticed that no bullets were showing in the revolver's cylinder and began fighting back. The robber then left with his loot in a paper sack.

McCullough called the police immediately (5:25 a.m.), and they arrived shortly thereafter. McCullough described the robber as a "fairly good looking" black male, about 5'9" to 5'10" tall, with short black hair and a mustache, and wearing brown pants, black shoes, and a blue sweatshirt.

While the police were interviewing the clerks, Eugenia Sayles, a resident of the nearby River Park Plaza Apartments, entered the store. She told the officers she had been threatened by defendant, her live-in boyfriend's brother, who also resided in the apartment. Sayles stated defendant had had a gun at about 4:00 a.m., had left, and had returned shortly before she ran over to the 7-Eleven. He had kicked the apartment door in to get some clothes and had threatened her with a knife.

As the officers were escorting Ms. Sayles back to her apartment, they saw defendant walking across the apartment building's parking lot. He was taken into custody, as he fit the description of the robber. On his person were 3 five-dollar bills and 25 one-dollar bills. About 50 to 100 feet away, under a stairway leading to an apartment building in the complex, the police found a brown paper sack with several rolls of coins, a blue sweatshirt, and a revolver.

The officers escorted defendant back to the 7-Eleven store

where McCullough identified defendant as the robber. Sanneman did not identify defendant as the robber.

For his first issue, defendant contends that the circumstances surrounding McCullough's identification of him when the officers brought him to the store were impermissibly suggestive, and such identification should have been suppressed.

The evidence is disputed as to what McCullough overheard of Ms. Sayles' conversation with the officers, and how much he knew of the circumstances of defendant's arrest. The trial court heard the evidence on the motion to suppress and concluded the identification was not made under impermissibly suggestive circumstances. There is ample evidence to support this determination.

In *Neil v. Biggers*, 409 U.S. 188, 199-200, 34 L. Ed. 2d 401, 93 S. Ct. 375 (1972), the United States Supreme Court described the factors to be used under the "totality of the circumstances" test in examining the reliability of identification. These factors, which have often been used by this court, are:

(1)   the opportunity of the witness to view the accused at the time of the crime;

(2)   the witness' degree of attention;

(3)   the accuracy of the witness' prior description of the accused;

(4)   the level of certainty demonstrated by the witness at the confrontation; and

(5)   the length of time between the crime and the confrontation.

See *State v. Slansky*, 239 Kan. 450, 454, 720 P.2d 1054 (1986); *State v. Warren*, 230 Kan. 385, 390, 635 P.2d 1236 (1981).

McCullough observed the robber prior to the attempted disguise and robbery—before the robber entered the restroom. During the crimes McCullough was in close proximity to the robber. They were virtually face to face when the gun was placed in McCullough's mouth. McCullough gave a very detailed description of defendant's appearance and clothing prior to the identification, and the description was accurate. McCullough was certain of his identification, and the same occurred less than one hour after the crimes.

We find no error or abuse of discretion in the trial court's denial of defendant's motion to suppress.

For his second issue, defendant contends the trial court erred in instructing the jury in Instruction No. 7 that: "You are instructed that a firearm is a deadly weapon as a matter of law."

The pertinent format of the instructions was as follows:

No. 3—Aggravated robbery of McCullough;

No. 4—Aggravated robbery of Sanneman;

No. 5—Aggravated battery of McCullough;

No. 6—Aggravated battery of Sanneman;

No. 7—Disputed "deadly weapon" instruction.

Instruction No. 7 applied to all four charges. Defendant objected at trial to the instruction only as it applied to the aggravated battery charges.

### AGGRAVATED ROBBERY

K.S.A. 21-3427 provides:

"Aggravated robbery is a robbery committed by a person who is armed with a dangerous weapon or who inflicts bodily harm upon any person in the course of such robbery."

No party may assign as error the giving of an instruction unless he objects thereto before the jury retires to consider its verdict stating distinctly the matter to which he objects and the grounds of his objection unless the instruction is clearly erroneous. K.S.A. 22-3414(3); *State v. Massey*, 242 Kan. 252, 261, 747 P.2d 802 (1987). Since defendant's objection to the instruction did not include the aggravated robbery charges, review should be limited to whether the instruction is clearly erroneous. An instruction is clearly erroneous when a reviewing court reaches a firm conviction that, if the trial error had not occurred, there is a real possibility that the jury would have reached a different verdict. *State v. Patterson*, 243 Kan. 262, Syl. ¶ 4, 755 P.2d 551 (1988).

The aggravated robbery statute uses the term "dangerous weapon." The instruction in question used the term "deadly weapon." In *State v. Mitchell*, 234 Kan. 185, 190, 672 P.2d 1 (1983), we held the two terms to be synonymous.

There was evidence the gun used was defective and inoperable. Additionally, after the robber had taken the victims' money, one victim observed there were no bullets visible in the cylinder. However, a subjective test is to be used in determining whether a defendant was armed with a dangerous weapon in committing an aggravated robbery. As we held in *State v. Davis*, 227 Kan. 174, Syl. ¶ 1, 605 P.2d 572 (1980):

"In an appeal from a conviction of aggravated robbery (K.S.A. 21-3427) the court holds a starter pistol is a dangerous weapon. Since robbery has always involved intimidation or fear, the circumstances of the robbery, including the weapon, are examined from the victim's point of view. An object can be a dangerous weapon if intended by the user to convince the victim that it is a dangerous weapon and the victim reasonably believes it is a dangerous weapon."

Clearly, the robber herein intended the victims to believe the gun was a dangerous or deadly weapon, and the victims reasonably believed it to be such a weapon. As far as the aggravated robbery charges were concerned, the only real issue for the jury was whether or not the defendant was the perpetrator.

We do not find Instruction No. 7 to be clearly erroneous as it relates to the aggravated robbery charges.

### AGGRAVATED BATTERY

K.S.A. 21-3414 provides:

"Aggravated battery is the unlawful touching or application of force to the person of another with intent to injure that person or another and which either:
(a)  Inflicts great bodily harm upon him; or
(b)  Causes any disfigurement or dismemberment to or of his person; or
(c)  Is done with a deadly weapon, or in any manner whereby great bodily harm, disfigurement, dismemberment, or death can be inflicted."

The gun used herein was described by the victims as being a small gun. It was not used as a firearm, but as a club to strike the victims. There was no evidence that either victim required medical treatment for the trauma inflicted, although the incident may have aggravated a back problem of one victim. However, in aggravated battery cases an objective test applies. As we said in *State v. Bowers*, 239 Kan. 417, 721 P.2d 268 (1986):

"[O]rdinary words are to be given their ordinary meaning. The phrase to be construed is 'deadly weapon.' In *State v. Hanks*, 236 Kan. 524, 537, 694 P.2d 407 (1985), this court, in the context of an aggravated battery case, defined a deadly weapon as 'an instrument which, from the manner in which it is used, is calculated or likely to produce death or serious bodily injury.' We agree with the defendant that the subjective analysis used to determine whether a defendant is armed with a dangerous or deadly weapon in an aggravated robbery case is not applicable in the context of an aggravated battery case. That subjective test applies if the object is intended by the user to convince the victim that it is a dangerous weapon, and if the victim reasonably believes it is a dangerous weapon, then the object is a deadly weapon. See *State v. Davis*, 227 Kan. 174, 176, 605 P.2d 572 (1980); *State v. Robertson*, 225 Kan. 572, 574, 592 P.2d 460 (1979). In cases of aggravated battery, the victim's perceptions of the instrument used by the perpetrator are irrelevant." 239 Kan. at 422.

A gun used as a club may be a deadly weapon. The size of the

weapon, the amount of force used, and the portion of the body contacting the gun are all factors for the trier of fact to consider in making the determination. The mere fact that some contact occurred between the gun and the victim is insufficient to meet the use of a deadly weapon requirement. For instance, lightly pressing the barrel of a gun into the victim's back to make the victim move or do an act could hardly be considered use of a deadly weapon for aggravated battery purposes.

In *State v. Adams*, 12 Kan. App. 2d 191, 737 P.2d 876 (1987), the Court of Appeals had before it a case where a gun was used as a club. The court correctly stated the rule that it is the manner of the use of the gun in such circumstances which determines whether or not a deadly weapon was used for aggravated battery purposes, but then made the following statement: "No question exists that a .38-caliber pistol is a deadly weapon, whether fired or used as a club." 12 Kan. App. 2d at 193.

The quoted sentence is expressly disapproved. Whether or not a gun used as a club is a deadly weapon for aggravated battery purposes is a jury question.

In overruling the defendant's objection to Instruction No. 7 as it applied to the aggravated battery charges, the trial court made comments clearly showing that it mistakenly believed that the subjective test applied to both aggravated robbery and aggravated battery, and that any use of a gun met the deadly weapon requirement of aggravated battery.

The deadly weapon instruction usurped the function of the jury in determining whether or not a deadly weapon was used as far as the aggravated battery charges were concerned. We conclude the giving of such instruction relative to the aggravated battery charges is reversible error under the facts herein.

The defendant's third issue is whether or not the trial court erred in refusing to instruct the jury on simple battery (K.S.A. 21-3412) as a lesser included offense of the two aggravated battery charges.

The trial court has an affirmative duty to instruct on all lesser included offenses supported by the evidence. K.S.A. 21-3107(3); *State v. Cummings*, 242 Kan. 84, Syl. ¶ 7, 744 P.2d 858 (1987); *State v. Marks*, 226 Kan. 704, 713, 602 P.2d 1344 (1979). Evidence supporting such an instruction must be considered in the light most favorable to the defendant. *State v. Royal*, 234 Kan.

218, 221-22, 670 P.2d 1337 (1983). The evidence need not be strong evidence—indeed, it may be weak and based only on the testimony of the defendant. *State v. Cummings*, 242 Kan. at 91; *State v. Clark*, 218 Kan. 18, 21, 542 P.2d 291 (1975). The test is whether the evidence might reasonably cause a jury to convict the defendant of the lesser charge. *State v. Crispin*, 234 Kan. 104, 109, 671 P.2d 502 (1983).

Whether the weapon used in the robbery was a deadly weapon under K.S.A. 21-3414(c) should have been an issue of fact for the jury, as explained in the previous issue. Had the jury been able to make that determination, the jury might have concluded the gun was not used in a manner in which it was calculated or likely to produce death or serious bodily harm and that its use constituted a simple battery on either or both of the charges. We conclude the failure to instruct on simple battery as a lesser included offense of the aggravated battery charges is reversible error.

The two convictions of aggravated robbery are affirmed, the two convictions of aggravated battery are reversed, and the case is remanded for further proceedings.