No. 63,639

STATE OF KANSAS, *Appellee*, v. NICHOLAS WAGNER, *Appellant*.

(807 P.2d 139)

Opinion filed March 1, 1991.

*Michael L. McCoy*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant.

*Bruce L. Stewart,* assistant district attorney, argued the cause, and *Nola Foulston,* district attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, J.: Nicholas Wagner appeals his jury trial convictions of fourteen felonies.

The incidents giving rise to the convictions all occurred in Wichita in a period of less than 30 days. The dates, locations, and offenses are as follows:

1988

4-30 Kentucky Fried Chicken on Dellrose Street:

| | |
|---|---|
| Count I | Aggravated Robbery (K.S.A. 21-3427); |
| Count II | Unlawful Possession of a Firearm (K.S.A. 21-4204); |
| Count III | Aggravated Battery (K.S.A. 21-3414). |

5-13 Kentucky Fried Chicken at 21st and Arkansas:

| | |
|---|---|
| Count VI | Aggravated Robbery (K.S.A. 21-3427); |
| Count VII | Unlawful Possession of a Firearm (K.S.A. 21-4204). |

5-15 Taco Tico on West Douglas:

| | |
|---|---|
| Count VIII | Aggravated Robbery (K.S.A. 21-3427); |
| Count IX | Kidnapping (K.S.A. 21-3420); |
| Count X | Unlawful Possession of a Firearm (K.S.A. 21-4204). |

5-17 Kentucky Fried Chicken on South Hydraulic:

| | |
|---|---|
| Count XI | Aggravated Robbery (K.S.A. 21-3427); |
| Count XII | Unlawful Possession of a Firearm (K.S.A. 21-4204). |

5-19 Kentucky Fried Chicken on South West Street:

| | |
|---|---|
| Count XIII | Aggravated Robbery (K.S.A. 21-3427); |
| Count XIV | Unlawful Possession of a Firearm (K.S.A. 21-4204). |

5-22 Long John Silver's on East 21st Street:

| | |
|---|---|
| Count XV | Attempted Aggravated Robbery (K.S.A. 21-3427 and K.S.A. 21-3301). |

5-22 Kentucky Fried Chicken at 21st and Arkansas:

| | |
|---|---|
| Count XVI | Aggravated Robbery (K.S.A. 21-3427). |

It should be noted that Counts IV and V were dismissed prior

to trial by virtue of the absence of a witness. Other facts will be stated as necessary for the discussion of particular issues.

## SEVERANCE

For his first issue, defendant contends the trial court abused its discretion in denying his motion to sever the various incidents for trial. Defendant claims that such action was necessary because the eyewitness identification testimony was not equally strong in each incident.

K.S.A. 22-3202(1) provides:

"Two or more crimes may be charged against a defendant in the same complaint, information or indictment in a separate count for each crime if the crimes charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

Here, the defendant concedes the crimes charged were of the same or similar character arising from aggravated robberies or attempts thereof aimed against Wichita fast food restaurants.

The scope of review is stated in *State v. Walker*, 244 Kan. 275, Syl. ¶ 1, 768 P.2d 290 (1989), as follows:

"Whether a defendant may be tried on two or more complaints, informations, or indictments in a single trial rests in the sound discretion of the trial court, within the guidelines established in statute and case law, and its holding will not be disturbed on appeal absent a clear showing of abuse of discretion. Even if the trial court's consolidation order is determined to be an abuse of discretion, the defendant has the burden of showing prejudice requiring reversal."

Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only when no reasonable person would take the view adopted by the trial court. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. *State v. Martin*, 237 Kan. 285, Syl. ¶ 1, 699 P.2d 486 (1985).

Defendant was identified at trial as the culprit in each crime. The principal deviation among the various eyewitnesses lay in the height ascribed to the culprit in initial statements to the police.

We find no abuse of discretion in this issue.

### REQUESTED DELETION FROM EXHIBITS

K.S.A. 21-4204(b) defines the crime of unlawful possession of a firearm, in pertinent part, as follows:

"Possession of a firearm with a barrel less than twelve (12) inches long by a person who, within five (5) years preceding such violation has been convicted of a felony under the laws of Kansas or any other jurisdiction or has been released from imprisonment for a felony."

Defendant was tried on five counts of violation of said statute. By the nature of the offense, it was necessary for the State to prove the requisite prior felony conviction. The State accomplished this by the introduction of two journal entries showing defendant had pled guilty to two counts of felony theft on January 30, 1986.

Defense counsel objected to the journal entries being admitted, in toto, as they showed defendant had received suspended sentences for the two crimes. The reason stated was that the jury might be more likely to convict defendant for the crimes for which he was on trial because of his having received the prior suspended sentences. The logic of this argument is difficult to follow. Defendant was being tried for fourteen felonies—including crimes against persons involving the use of guns. The fact that over two years previously he had received suspended sentences for two theft charges could hardly be a factor in the jury's deliberations.

Nevertheless, we must first determine if the failure to delete all references to the sentences from the journal entries, when so requested, constitutes an abuse of discretion.

The admissibility of evidence is within the trial court's discretion and the admission or exclusion of evidence is determined on the basis of the evidence's relevance and connection with the accused and the crime charged. See *State v. Reynolds*, 230 Kan. 532, 536, 639 P.2d 461 (1982).

K.S.A. 60-401(b) provides that "relevant evidence" is evidence having any tendency to prove a material fact. To be admissible, evidence must be confined to the issues but need not bear directly upon them. For evidence of collateral facts to be competent, there must be some natural or logical connection between them and the inference or result they are designed to establish. *State*

*v. Walker*, 239 Kan. 635, 644, 722 P.2d 556 (1986); *State v. Reed*, 226 Kan. 519, 524, 601 P.2d 1125 (1979).

As we said in *State v. Holmes*, 222 Kan. 212, 213, 563 P.2d 480 (1977), "It is the adjudication of guilt not the imposition of sentence which constitutes a 'conviction' within the meaning of K.S.A. 21-4204(1)(b)." The portions of the journal entries stating the sentences imposed were surplusage and normally should have been deleted by the trial court from the documents before their submission to the jury. The failure to delete such references when requested to do so by the defendant constitutes an abuse of discretion.

Was this reversible error? We believe not. As we stated in *State v. Walker*:

"The erroneous admission of evidence in a criminal trial does not require a reversal of conviction in every case, but only where it is of such a nature as to affect the outcome of the trial and deny substantial justice." 239 Kan. 635, Syl. ¶ 6.

For the reasons previously expressed herein, we are satisfied that the failure to delete references to the sentences imposed for the prior offenses neither affected the outcome of the trial nor denied substantial justice.

## ATTEMPTED AGGRAVATED ROBBERY

When the defendant attempted to rob the Long John Silver's restaurant on May 22, 1988, (Count XV) the victim, Assistant Manager Brian Chaplin, testified that he recognized defendant's weapon to be a pellet or BB gun rather than a "real gun." Defendant argues that since the victim knew it was not a "real gun" it was not a dangerous weapon within the meaning of K.S.A. 21-3427, the statute defining aggravated robbery, in pertinent part, as robbery with a dangerous weapon.

The fallacy in this argument is that defendant seems to believe that a true firearm is the only type of gun that can constitute a dangerous weapon. No authority for that proposition is stated.

The jury was instructed that it was to decide whether or not the gun used was a dangerous weapon. The jury obviously concluded the gun used was a dangerous weapon. There is no indication that defendant objected to this instruction, nor was it improper. We find no merit in this issue.

## LESSER INCLUDED OFFENSE

At trial, victim Robert Pruner testified the defendant hit him on the side of his head with a pistol during the April 30, 1988, robbery of the Kentucky Fried Chicken restaurant on Dellrose Street. The blow did not break the skin nor did Pruner receive medical treatment.

The trial court instructed the jury on aggravated battery as follows:

"Defendant is charged in Count Three with the crime of Aggravated Battery. Defendant pleads not guilty. To establish this charge, each of the following claims must be proved. Defendant, or someone acting in concert with him, unlawfully, willfully, intentionally, in a rude, insolent or angry manner:

1. touched or applied force to the person of Robert Pruner;

2. with intent to injure Robert Pruner; and

3. which (a) was done with a deadly weapon, an unknown caliber handgun, or, (b) in a manner whereby disfigurement, dismemberment or death can be inflicted;

4. this happened in Sedgwick County, Kansas, and on or about April 30, 1988."

Defense counsel did not request, nor did the trial court give, an instruction on battery (K.S.A. 21-3412) as a lesser included offense. Defendant was convicted of aggravated battery.

For his final argument, defendant contends the trial court committed reversible error by failing to instruct on the lesser included offense of battery. Defendant cites *State v. Colbert*, 244 Kan. 422, 769 P.2d 1168 (1989), as controlling the issue herein.

In *Colbert*, defendant was charged with aggravated battery for clubbing his robbery victims with a pistol. The victims did not require medical attention, nor did the trial court instruct on battery as a lesser included offense. We reversed the aggravated battery convictions, stating:

"The trial court has an affirmative duty to instruct on all lesser included offenses supported by the evidence. K.S.A. 21-3107(3); *State v. Cummings*, 242 Kan. 84, Syl. ¶ 7, 744 P.2d 858 (1987); *State v. Marks*, 226 Kan. 704, 713, 602 P.2d 1344 (1979). Evidence supporting such an instruction must be considered in the light most favorable to the defendant. *State v. Royal*, 234 Kan. 218, 221-22, 670 P.2d 1337 (1983). The evidence need not be strong evidence—indeed, it may be weak and based only on the testimony of the defendant. *State v. Cummings*, 242 Kan. at 91; *State v. Clark*, 218 Kan. 18, 21, 542 P.2d 291 (1975). The test is whether the evidence might

reasonably cause a jury to convict the defendant of the lesser charge. *State v. Crispin*, 234 Kan. 104, 109, 671 P.2d 502 (1983).

"Whether the weapon used in the robbery was a deadly weapon under K.S.A. 21-3414(c) should have been an issue of fact for the jury, as explained in the previous issue. Had the jury been able to make that determination, the jury might have concluded the gun was not used in a manner in which it was calculated or likely to produce death or serious bodily harm and that its use constituted a simple battery on either or both of the charges. We conclude the failure to instruct on simple battery as a lesser included offense of the aggravated battery charges is reversible error." 244 Kan. at 427-28.

We conclude that *Colbert* is controlling herein and that the failure to instruct on battery as a lesser included offense of aggravated battery requires reversal of that conviction and a remand for further proceedings on that charge (Count III).

The judgment is affirmed in part and reversed in part, and the case is remanded for further proceedings.