[No. D014554. Fourth Dist., Div. One. Apr. 15, 1992.]

In re JOSE A., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JOSE A., Defendant and Appellant.

698

**COUNSEL**

Kirton, McConkie & Poelman and Samuel D. McVey, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Jannelle B. Davis and Jeffrey J. Koch, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**TODD, J.**—A petition filed in the juvenile court alleged Jose A. came within the provisions of Welfare and Institutions Code section 602 in that he committed three counts of assault with a firearm (Pen. Code,[1] § 245, subd. (a)(2)) involving three separate victims, and three counts of unlawfully exhibiting a firearm in an angry manner (§ 417, subd. (a)(2)) involving the same three victims. Jose moved to dismiss the petition under Welfare and Institutions Code section 701.1 on the ground a pellet gun, and not a firearm, was involved in the offenses. However, the court ruled the pellet gun used by Jose was a firearm as that term is defined in former section 12001.1. The court then sustained the allegations of the petition, granted Jose probation for one year, and ordered him detained in juvenile hall pending delivery to the Immigration and Naturalization Service for deportation to his legal residence in Mexico.

On appeal, Jose contends (1) the court erred in finding the pellet gun he used was a "firearm;" and (2) true findings were improperly made on three separate counts of assault with a firearm. We conclude a pellet gun, which operates by use of compressed air, is not a firearm within the meaning of sections 245, subdivision (a)(2), and 417, subdivision (a)(2) because it does not propel a shot through explosive means. Accordingly, we reverse.

### FACTS

On March 3, 1991, eight-year-old Daniel Valdez and eleven-year-old twins Angela and Maria Morrison, along with several other children, were playing with a frog near a pond. Seventeen-year-old Jose and another person approached with a pellet gun about a foot long. Jose shot twice at the frog in the water, hitting it once. When the children told Jose not to shoot the frog, he pointed the gun directly at them. The children ran into some bushes and Jose fired the gun. Daniel thought Jose and his companion were going to kill them. Although the children were not hit, they knew the gun went off because it made a loud boom.

The next day, Daniel, Angela, Maria and another boy were walking home when Jose and his friend came out of a garage. Jose pointed the gun at the children and said "if you don't move I'll shoot you." The children ran to Daniel's house and told his mother what had happened. She then notified the apartment manager who found Jose behind Daniel's house holding a gun.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

DISCUSSION

I

Jose contends the court erred in finding the pellet gun he used was a "firearm" under sections 245, subdivision (a)(2) and 417, subdivision (a)(2). Because a pellet gun is not a firearm, he asserts, the evidence was insufficient to support a true finding on all counts charged in the petition. We agree.

■■■ Under section 245, subdivision (a)(2), "[e]very person who commits an assault upon the person of another with a firearm is punishable by imprisonment in the state prison for two, three, or four years. . . ." Under section 417, subdivision (a)(2), anyone who, "except in self-defense, in the presence of any other person, draws or exhibits any firearm, whether loaded or unloaded, in a rude, angry, or threatening manner, . . . is guilty of a misdemeanor punishable by imprisonment in the county jail for a term of not less than three months." In order to sustain a conviction under either of these sections, the prosecution must prove the defendant used a firearm in the commission of the offense. (See *People* v. *Valdez* (1985) 175 Cal.App.3d 103, 111-112 [220 Cal.Rptr. 538]; *People* v. *Norton* (1978) 80 Cal.App.3d Supp. 14, 26 [146 Cal.Rptr. 343].)

No definition of "firearm" is contained in either section 245, subdivision (a)(2) or section 417, subdivision (a)(2). ■■■ Where, as here, a word is not defined in a statute, its commonly accepted meaning applies. (See *People* ex rel. *Younger* v. *Superior Court* (1976) 16 Cal.3d 30, 43 [127 Cal.Rptr. 122, 544 P.2d 1322].)

■■■ According to its usual and ordinary import, a firearm is "[a] weapon capable of firing a missile, esp[ecially] a pistol or rifle using an explosive charge as a propellant." (The American Heritage Dict. (2d college ed. 1982) p. 506.) Firearm is also defined as "[a]n instrument used in the propulsion of shot, shell, or bullets by the action of gunpowder exploded within it." (Black's Law Dict. (6th ed. 1991) p. 634.) " 'The word, firearm, includes a pistol, revolver or rifle, or any other device designed to be used as a weapon from which a projectile may be expelled by the force of any explosion or other form of combustion. . . .' [Citations.]" (*People* v. *Norton, supra,* 80 Cal.App.3d at Supp. 25-26.)[2] However, because a pellet gun uses compressed air rather than an explosive to project a bullet, it is not a "firearm"

---

[2]The jury instruction for assault with a firearm is contained in CALJIC No. 9.02. The use note to CALJIC No. 9.02 refers to CALJIC No. 17.23 for a definition of the word "firearm." CALJIC No. 17.23 defines firearm as including "a pistol, revolver, shotgun, [or] rifle [or any

as that word is commonly defined.[3] (Cf. *People* v. *Malone* (1977) 72 Cal.App.3d 649, 655 [138 Cal.Rptr. 397]) [air gun, although dangerous or deadly weapon, is not firearm since it uses no explosive to project a bullet].)

■ Here, the court erroneously applied the definition of firearm as contained in former section 12001.1 to sections 245, subdivision (a)(2) and 417, subdivision (a)(2). Before its repeal, section 12001.1 provided: "Except for the purposes of Sections 12021, 12025, 12031, 12072, and 12073, *as used in this title* the term 'firearm' shall also include any instrument which expels a metallic projectile, such as a BB or a pellet, through the force of air pressure, $CO_2$ pressure, or spring action or any spot marker gun, provided, that no instrument described in this section shall be considered a 'pistol,' 'revolver,' or 'firearm capable of being concealed upon the person' for any purpose." (Stats. 1988, ch. 1605, § 3, p. 5821, repealed in Stats. 1991, ch. 950, § 4; italics added.) A plain reading of section 12001.1 shows the inclusion in that section of pellet gun in the definition of firearm was limited to the control of deadly weapons under title 2 and did not apply to sections 245, subdivision (a)(2) or 417, subdivision (a)(2) which are part of titles 8 and 11 respectively. In any event, the Legislature repealed section 12001.1 and thus "firearm" no longer generally includes pellet guns in its definition.

Section 12001, subdivision (b), as amended, now defines "firearm" as used in title 2 as "any device, designed to be used as a weapon, from which is expelled through a barrel a projectile by the force of any explosion or other form of combustion." (Stats. 1991, ch. 955, § 1.1.) The only statutory definition of firearm to include pellet or air guns is found in subdivision (g) of section 12001: "For purposes of Section 12551, the term 'firearm' also shall include any instrument which expels a metallic projectile, such as a BB or a pellet, through the force of air pressure, $CO_2$ pressure, or spring action, or any spot marker gun." The inclusion of pellet guns in this provision is expressly limited, however, to section 12551 making the sale of any firearm to a minor a misdemeanor.[4]

■ "It is a settled rule of statutory construction that where a statute, with reference to one subject contains a given provision, the omission of such

---

other device designed to be used as a weapon from which a projectile may be expelled by the force of an explosion or other form of combustion]."

[3]The majority of courts that have considered the issue have held pellet or air guns are not firearms. (See, e.g., *U.S.* v. *Smith* (9th Cir. 1990) 905 F.2d 1296, 1299; *Kinnish* v. *State* (Alaska Ct. App. 1989) 777 P.2d 1179, 1180; *State* v. *Johnson* (1983) 8 Kan.App.2d 368 [657 P.2d 1139, 1141]; *Strong* v. *U.S.* (D.C. 1990) 581 A.2d 383, 385; *State* v. *Beaudette* (1984) 124 N.H. 579 [474 A.2d 1012, 1014]; *Com.* v. *Schilling* (1981) 288 Pa.Super. 359 [431 A.2d 1088, 1090].) The definition of firearm adopted in these jurisdictions is consistent with both the standard and legal dictionary definitions of that word.

[4]We note that section 417.2, subdivision (a) makes it a misdemeanor to draw or exhibit "a replica of a firearm in a threatening manner against another in such a way as to cause a reasonable person apprehension or fear of bodily harm" except if done in self-defense. Under

provision from a similar statute concerning a related subject is significant to show that a different legislative intent existed with reference to the different statutes. [Citations.]" (*People* v. *Norwood* (1972) 26 Cal.App.3d 148, 156 [103 Cal.Rptr. 7].) ■ Here, section 12001, subdivision (g), specifically includes pellet guns in its definition of firearm for the purpose of prohibiting their sale to minors, while pellet gun is not included in sections 245, subdivision (a)(2) or 417, subdivision (a)(2). The Legislature presumably was aware of those sections when it amended section 12001 in 1991. The Legislature's failure to define firearm in titles 8 and 11, while expressly including pellet gun in its definition of firearm in section 12001 as applied to section 12551, raises a strong inference the word "firearm" was intended to be used for purposes of gun control and minors in a sense different from its common meaning. (See *People* v. *Drake* (1977) 19 Cal.3d 749, 755 [139 Cal.Rptr. 720, 566 P.2d 622].) We conclude the Legislature intended to restrict the meaning of firearm in sections 245, subdivision (a)(2) and 417, subdivision (a)(2) to exclude such instruments as pellet or BB guns. Because the petition here alleged assault with a firearm and unlawfully exhibiting a firearm in an angry manner, and the evidence showed Jose used a pellet gun and not a firearm to commit the crimes, the true finding on all counts must be reversed.

## II

In light of our reversal of the true finding on all counts, we need not address Jose's further contention he was improperly found to have violated three separate counts of assault with a firearm.

### DISPOSITION

The order is reversed.

Wiener, Acting P. J., and Huffman, J., concurred.

---

this subdivision, "replica of a firearm" includes "air guns." (*Ibid.*) The evidence here would have supported a true finding of unlawfully exhibiting a replica of a firearm. However, the petition filed as to Jose did not include an allegation under section 417.2, subdivision (a), and the district attorney does not argue we should affirm on this ground.