F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUN 13 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROY DALE BANKS,

     Plaintiff-Appellant,

v.

(FNU) MCFARLAND; (FNU) SIX;
(FNU) ALLEGRUCCI; (FNU)
FROMME; (FNU) LOCKETT; (FNU)
MILLER; JOHN DOE, Kansas
Supreme Court Justices,

     Defendants-Appellees.

No. 01-3052
(District of Kansas)
(D.C. No. 01-CV-3021-GTV)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE,** and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Roy Dale Banks, an inmate proceeding *pro se* and *in forma pauperis*, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint. In his complaint, Banks named as defendants various justices of the Kansas Supreme Court who had participated in handing down the following three decisions: *State v Colbert*, 769 P.2d 1168 (Kan. 1989); *State v. Davis*, 605 P.2d 572 (Kan. 1980); and *State v. Robertson*, 592 P.2d 460 (1979). Banks alleged that these judicial decisions imposed an unconstitutional subjective standard for evaluating the dangerous-weapon element of aggravated robbery. He sought a declaratory judgment that this test violated clearly established constitutional rights and an injunction to prevent further usage of the subjective standard to the offense of aggravated robbery.

The district court dismissed Banks' complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). To the extent that Banks' complaint stated a freestanding challenge to the decisions listed above, none of which involved Banks, the district court noted that it lacked Article III jurisdiction to consider the complaint. On the other hand, to the extent that Banks was instead contending that the application of these decisions caused him to be unconstitutionally convicted of aggravated robbery, the district court noted that Banks' remedy lies in a petition

for writ of habeas corpus filed under 28 U.S.C. § 2254. *See Preiser v. Rodriquez*, 411 U.S. 475, 489 (1973) (holding that § 2254 habeas corpus petition is the exclusive remedy where a state prisoner challenges the fact or duration of his confinement).

On appeal, Banks merely reasserts the same arguments he advanced in the district court. It is absolutely clear, however, that Banks lacks standing to lodge a generalized challenge to the defendants' application of a subjective standard to the dangerous-weapon element of aggravated robbery. *See Schaffer v. Clinton*, 240 F.3d 878, 882 (10th Cir. 2001) (setting forth elements of standing). Banks does allege in his appellate brief that the "'subjective test' had a direct infringement to plaintiff's aggravated robbery conviction." This assertion of injury in fact merely serves to demonstrate the district court's conclusion that Banks' sole remedy lies in a § 2254 habeas corpus petition. *See Preiser*, 411 U.S. at 489.

In light of the district court's clear explanation of the controlling law in its order of dismissal, this court concludes that Banks' appeal is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Both the district court's dismissal of the complaint and this court's dismissal of the appeal count as strikes under § 1915(g). *See Jennings v. Natrona County Det. Ctr.*, 175 F.3d 775, 780 (1999). Banks is hereby warned that if he accrues one more strike, he will be precluded from proceeding

*in forma pauperis* in any further civil proceedings unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Banks is further notified that despite this court's dismissal of his appeal, he remains obligated to continue making partial payments until his appellate filing fee is paid in full. *See id.* § 1915(b).

For those reasons set out above, this appeal is hereby **DISMISSED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge