[No. D013969. Fourth Dist., Div. One. June 22, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
APOLONIO JOSE VASQUEZ, Defendant and Appellant.

**Counsel**

Steven L. Whiteside, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Harley D. Mayfield and Gary W. Schons, Assistant Attorneys General, Rudolf Corona, Jr., and Maxine P. Cutler, Deputy Attorneys General, for Plaintiff and Respondent.

**Opinion**

HUFFMAN, J.—In this case, we conclude Apolonio Jose Vasquez is entitled to reversal of his enhancement findings based on his being armed with and using a "firearm" (Pen. Code,[1] §§ 12022, subd. (a), 12022.5, subd. (a)) as defined under section 12001.1. Although the crimes underlying his second degree robbery convictions (§ 211) occurred in 1990, section 12001.1, operative at that time, has been repealed, changing the legal definition of "firearm" to Vasquez's benefit. Because the term "firearm" no longer includes "any instrument which expels a metallic projectile, such as a BB or a pellet, through the force of air pressure, $CO_2$ pressure, or spring action, or any spot marker gun," Vasquez, who admittedly used or was armed with a

---

[1] All statutory references are to the Penal Code unless otherwise specified.

gas-pressured pellet gun, but whose case has not yet reached final disposition, must be granted the benefit of the change in definition, requiring the reversal of his true firearm findings.[2] (See *Tapia* v. *Superior Court* (1991) 53 Cal.3d 282, 300-301 [279 Cal.Rptr. 592, 807 P.2d 434]; *People* v. *Rossi* (1976) 18 Cal.3d 295, 299-304 [134 Cal.Rptr. 64, 555 P.2d 1313].)

Accordingly, we affirm his unchallenged robbery convictions and true findings of his prior serious felony conviction and prison prior, reverse the true findings of his firearm enhancements, and direct the superior court to amend his abstract of judgment. We explain.

### FACTUAL AND PROCEDURAL SUMMARY

After an investigation of reports from five minors about the taking of their respective bicycles by a man under the threat of the use of a gun, Vasquez was arrested and charged with five robberies and alleged to have either been armed with or have used a firearm during each.[3] He was also alleged to have suffered a prior prison term under section 667.5, subdivision (b), and a prior serious felony conviction within the meaning of sections 667, subdivision (a) and 1192.7, subdivision (c)(18).

An amended information dropped the charges and enhancements for one of the robberies, and Vasquez proceeded to a bifurcated jury trial on four of the bicycle robberies. After the jury found him guilty of all charges and their respective enhancements, Vasquez admitted both the prior prison term and prior serious felony conviction.

The court sentenced him to a total term of twenty years and eight months, consisting of an upper five-year term for one robbery, plus consecutive terms for the remaining three robberies (three additional years for one-third the middle term on each), a four-year personal use enhancement for the firearm on the base term, and consecutive one-year four-month enhancement terms for the other two firearm uses. The court stayed the enhancement for arming with a firearm and imposed an additional one year and five years, respectively, for the prison prior and the serious felony prior.

Vasquez timely appealed, claiming there was no substantial evidence he was armed with a firearm as alleged in one count, contending the trial court

---

[2] Only under a section 12551 conviction for selling a firearm to a minor will a BB or pellet gun be included in the definition of "firearm" for purposes of enhancement after the repeal of section 12001.1. Vasquez was not charged under section 12551.

[3] Because Vasquez does not challenge the sufficiency of the evidence underlying the substantive robbery charges, and we reverse the enhancement findings on strictly legal grounds, we do not set out the facts concerning each robbery and gun use.

abused its discretion when it did not impose the lower term for the firearm use enhancements, and asserting the abstract of judgment was incorrect. Although the Attorney General's office concedes the abstract must be corrected, it argues the trial court properly imposed the middle term for the firearm use enhancement and claims the evidence supported the arming allegation.

After reviewing the arguments in light of the record and briefs, we asked the parties to simultaneously submit supplemental briefs on the applicability, scope and effect, if any, in this case of our recent decision, *In re Jose A.* (1992) 5 Cal.App.4th 697 [7 Cal.Rptr.2d 44].

Both Vasquez and the Attorney General agree the specific holding in *In re Jose A., supra,* 5 Cal.App.4th 697 does not apply to this case. However, Vasquez refers to our discussion in dictum in that case regarding the repeal of section 12022.1 and asserts the effect of that repeal is to change the law concerning the definition of a firearm for purposes of enhancement. He therefore asks us to reverse his enhancement findings based on the repeal and newly amended section 12001, subdivision (g), which limits firearm punishment for pellet gun use to certain cases not applicable to him.

## DISCUSSION

■  The issue thus framed is whether the repeal of section 12001.1, and amendment of section 12001, require Vasquez's firearm use and arming enhancement findings be reversed. We conclude that it does.

Section 12001.1, added by statute in 1988 (Stats. 1988, ch. 1605, § 3, p. 5821) provided: "Except for the purposes of Section 12021, 12025, 12031, 12072, and 12703, *as used in this title* the term 'firearm' shall also include any instrument which expels a metallic projectile, such as a BB or a pellet, through the force of air pressure, $CO_2$ pressure, or spring action or any spot marker gun, provided, that no instrument described in this section shall be considered a 'pistol,' 'revolver,' or 'firearm capable of being concealed upon the person' for any purpose." (Original italics.)

In *In re Jose A., supra,* 5 Cal.App.4th 697, we held that a plain reading of this section "shows the inclusion in that section of pellet gun in the definition of firearm was limited to the control of deadly weapons under title 2 [added to the Penal Code in 1953 as 'The Dangerous Weapons' Control Law' (§ 12000; Stats. 1953, ch. 36, p. 653, § 1)] and did not apply to sections 245, subdivision (a)(2) or 417, subdivision (a)(2) which are parts of titles 8 and 11 respectively," the crimes charged in Jose A.'s case. (*In re Jose A.,*

*supra*, at p. 701.) To the contrary, because Vasquez's enhancement allegations were included within title 2, the definition of firearm in section 12001, subdivision (b) was properly enlarged to include a pellet gun as defined in section 12001.1. Vasquez concedes as much in his supplemental brief.

However, in 1991, the Legislature repealed section 12001.1 (Stats. 1991, ch. 950, § 4) and amended section 12001. As so amended, a firearm for the purposes of any title 2 enhancement means "any device, designed to be used as a weapon, from which is expelled through a barrel a projectile by the force of any explosion or other form of combustion." (§ 12001, subd. (b); Stats. 1991, ch. 955, § 1.1.) The only exception to this definition is section 12551, which proscribes the sale of any firearm to a minor. In such cases, section 12001, subdivision (g) expands the definition of firearm to include "any instrument which expels a metallic projectile, such as a BB or a pellet, through the force of air pressure, $CO_2$ pressure, or spring action, or any spot marker gun." (Stats. 1991, ch. 955, § 1.1.)

As we noted in *In re Jose A.*, *supra*, 5 Cal.App. 4th 697, based on a settled rule of statutory construction (see *People* v. *Norwood* (1972) 26 Cal.App.3d 148, 156 [103 Cal.Rptr. 7]), "[t]he Legislature's failure to define firearm [in title 2 for all purposes], while expressly including pellet gun in its definition of firearm in section 12001 as applied to section 12551, raises a strong inference the word 'firearm' was intended to be used for purposes of gun control and minors in a sense different from its common meaning. [Citation.]" (*In re Jose A.*, *supra*, 5 Cal.App.4th at p. 702.) It can thus be concluded the Legislature intended to restrict the meaning of firearm in other sections of title 2 to exclude instruments such as gas-operated pellet or BB guns. (*Ibid.*)

Application of this new statutory definition for "firearm," or restricted definition, to Vasquez's crimes committed before its operative date (Jan. 1, 1992) changes the legal consequences of his criminal conduct. (See *Tapia* v. *Superior Court*, *supra*, 53 Cal.3d at p. 301.) Such application is permissible because the restricted definition generally favors defendants. (*Ibid.*)

In *In re Estrada* (1965) 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948], the California Supreme Court extensively reviewed the common law and statutory enactments concerning the effect of amended and repealed criminal statutes, concluding that "where the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed." (*Id.* at p. 748.) Moreover, the court in *Estrada* noted that "[i]t is the rule at common law and in this state that when the old law in effect when the [criminal] act

is committed is repealed, and there is no saving clause, all prosecutions not reduced to final judgment are barred." (*Id.* at pp. 746-747.)

In *People* v. *Rossi, supra,* 18 Cal.3d at pages 298-304, our Supreme Court reviewed *Estrada,* numerous federal and other state cases, and revisited the common law to hold the amendment of the criminal statute in that case, which completely repealed the section under which Estrada was convicted, mandated a complete reversal of his conviction. Citing the United States Supreme Court in *Bell* v. *Maryland* (1964) 378 U.S. 226, 230 [12 L.Ed.2d 822, 826, 84 S.Ct. 1814], the court in *Rossi* observed, "it is 'the universal common-law rule that when the legislature repeals a criminal statute or otherwise removes the State's condemnation from conduct that was formerly deemed criminal, this action requires the dismissal of a pending criminal proceeding charging such conduct. The rule applies to any such proceeding which, at the time of the supervening legislation, has not yet reached final disposition in the highest court authorized to review it.' [Citation.]" (*People* v. *Rossi, supra,* 18 Cal.3d at p. 304.)

More recent California cases have noted this common law rule " 'is based on presumed legislative intent, it being presumed that the repeal was intended as an implied legislative pardon for past acts.' [Citation.]" (*People* v. *Alexander* (1986) 178 Cal.App.3d 1250, 1260 [224 Cal.Rptr. 290]; see also *Tapia* v. *Superior Court, supra,* 53 Cal.3d at p. 301.) The courts have also generally assumed that " '[w]hen the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act' and ' "sufficient to meet the legitimate ends of the criminal law." ' [Citations.] [The courts] have applied the same reasoning to statutes which redefine, to the benefit of defendants, conduct subject to criminal sanctions. [Citation.]" (*Tapia* v. *Superior Court, supra,* 53 Cal.3d at p. 301, fn. omitted.)

Having come full circle, we conclude, because section 12001 was amended and section 12001.1 repealed without a saving clause during the pendency of this appeal, the more limited definition of "firearm" as applied to Vasquez's charged enhancements (§§ 12022 and 12022.5, affecting the amount of additional punishment for committing the underlying robberies) requires we reverse the true findings. Because the information alleged Vasquez was armed with or used a firearm during each robbery, the jury was instructed on the definition of a firearm under the expanded version of section 12001.1, and the evidence at trial showed Vasquez was armed with or used a gas-operated pellet gun, not a firearm as defined under the amended section 12001, subdivision (b), the true findings on all firearm enhancements must be set aside.

## DISPOSITION

The true findings on all firearm enhancements are reversed. In all other respects, the judgment is affirmed.

We direct the superior court to amend the abstract of judgment to reflect Vasquez's total prison term of 14 years and to forward it to the appropriate authorities.

Work, Acting P. J., and Nares, J., concurred.