[No. D015839. Fourth Dist., Div. One. Aug. 9, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
FERDINAND GUSTAVE SCHAEFER, Defendant and Appellant.

## COUNSEL

David L. Kelly, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Keith I. Motley and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WIENER, Acting P. J.**—Defendant Ferdinand Gustave Schaefer appeals from the judgment entered on his negotiated guilty plea to six counts of robbery and his admission that the Penal Code section 12022.5, subdivision (a) enhancement as to each count and the three Penal Code section 667, subdivision (a) prior felony convictions were true. ██ Schaefer's sole contention is that he is similarly situated to the defendant in *People* v. *Vasquez* (1992) 7 Cal.App.4th 763 [9 Cal.Rptr.2d 255], who obtained a reversal of true findings on firearm enhancements because of the legislative decision to remove pellet guns from the statutory definition of "firearm." (*Id.* at pp. 766-768.) We partially agree. Schaefer's use of a pellet gun during his commission of each of the charged offenses entitles him to the benefit of *Vasquez*. However, *Vasquez* does not eliminate the law holding a pellet gun to be a deadly or dangerous weapon within the meaning of Penal Code section 12022, subdivision (b). (See e.g., *People* v. *Montalvo* (1981) 117 Cal.App.3d 790, 797 [173 Cal.Rptr. 51].) Accordingly, we agree with the Attorney General's argument (to which Schaefer has not responded) that Schaefer's admission of the Penal Code section 12022.5 enhancements necessarily included his admitting a Penal Code section 12022, subdivision (b) enhancement as to each offense. We therefore strike the Penal Code section 12022.5 enhancements making each such enhancement a violation of Penal Code section 12022, subdivision (b).

## DISPOSITION

The judgment of convictions is affirmed. Each Penal Code section 12022.5 enhancement is modified to a violation of Penal Code section 12022, subdivision (b). The superior court and the Department of Corrections are directed to change the abstract of judgment and other pertinent records to reflect this reduction to Schaefer's sentence.

Benke, J., and Froehlich, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 16, 1993.