BILL LOCKYER Attorney General SUSAN DUNCAN LEE Deputy Attorney General
THE HONORABLE TODD SPITZER, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following questions:
1. May the Fish and Game Commission or the Department of Fish and Game prohibit a person employed by the association of a common interest development from using air powered pellet projectiles to kill cottontail rabbits that are materially harming landscaping, ornamental plants, or gardens on the property of the association?
2. May a person employed by the association of a common interest development use air powered pellet projectiles to kill cottontail rabbits between one-half hour after sunset and one-half hour before sunrise, and within 150 yards of an occupied residence without the owner's permission, if the rabbits are materially harming landscaping, ornamental plants, or gardens on the property of the association? *Page 2 
 CONCLUSIONS
1. Neither the Fish and Game Commission nor the Department of Fish and Game may prohibit a person employed by the association of a common interest development from using air powered pellet projectiles to kill cottontail rabbits that are materially harming landscaping, ornamental plants, or gardens on the property of the association.
2. A person employed by the association of a common interest development may use air powered pellet projectiles to kill cottontail rabbits between one-half hour after sunset and one-half hour before sunrise, and within 150 yards of an occupied residence without the owner's permission, if the rabbits are materially harming landscaping, ornamental plants, or gardens on the property of the association, and such use is in conformity with applicable local ordinances.
 ANALYSIS
We are informed that a common interest development located in Southern California has expansive outdoor common areas landscaped both for aesthetic and recreational enjoyment.[1] For several years the development has experienced widespread damage to its ornamental landscaping due to a large population of cottontail rabbits. Various methods for controlling the rabbits, such as reducing sources of food, fencing, trapping, and using repellents, have been attempted without significant success. No toxic or reproduction-regulating agents are currently approved for use in controlling rabbits in California. The two questions presented for resolution concern whether a pellet gun may be used to control the association's rabbit population. We conclude generally that it may.
1. Regulatory Authority
The first question asks whether the Fish and Game Commission ("Commission") or the Department of Fish and Game ("Department") may prohibit a person from using air powered pellet projectiles to kill cottontail rabbits that are materially harming landscaping, ornamental plants, or gardens in a common interest development. We conclude *Page 3 
that neither the Commission nor the Department may prohibit such activity.
The Constitution specifically provides for the establishment of the Commission, and authorizes the Legislature to delegate powers to the Commission "relating to the protection and propagation of fish and game as the Legislature sees fit." (Cal. Const., art. IV, § 20, subd. (b).) Among its delegated responsibilities, the Commission regulates the possession and taking of birds, mammals, fish, amphibians, and reptiles (Fish G. Code, § 200),[2] establishes special hunting seasons for mammals and birds that exist in surplus (§ 325), enters into reciprocal agreements with adjoining states regarding hunting and fishing licenses (§§ 375, 390), and establishes lists of endangered and threatened species (§§ 2050-2079).
The Legislature has also established the Department to administer and enforce the Fish and Game Code (§§ 700-702) in accordance with policies adopted by the Commission (§ 703). The Department's responsibilities include establishing and maintaining wildlife management areas, ecological reserves, and cooperative hunting areas (§§ 1525-1585), and issuing hunting and fishing licenses under prescribed terms and conditions (§ 1050). The Department's employees have peace officer powers in enforcing the laws relating to the protection of fish and game. (§ 851.)
In 87 Ops.Cal.Atty.Gen. 42 (2004), we recently concluded that cottontail and brush rabbits may be trapped or killed if it is established that they are materially harming ornamental plants. We stated in part:
 "Preliminarily, we note that cottontail and brush rabbits are not threatened or endangered species [citation]; they may be hunted as `game mammals' [citation] and `resident small game' [citation] subject to regulations adopted by the Fish and Game Commission [citation]. We are not concerned in this opinion, however, with the hunting of game mammals but rather with whether, pursuant to specific statutory authorization, cottontail and brush rabbits may be trapped or killed due solely to their eating landscaping, ornamental plants, or gardens.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "Turning to section 4186, we find that cottontail and brush rabbits may be trapped or killed ('taken') at any time when they are causing `damage to crops or forage.' . . . *Page 4 
 "[Food and Agriculture Code] [s]ection 24.5 declares that `plants growing in native stands or planted for ornamental purposes . . . shall be considered as a part of the agricultural industry for the purpose of any law that provides for the protection of the agricultural industry from pests.' . . .
 "In this context, then, cottontail and brush rabbits causing material harm to crops must be considered `pests' for purposes of [Food and Agriculture Code] section 24.5. . . .
 ". . . We conclude that cottontail and brush rabbits that are eating landscaping, ornamental plants, or gardens may be trapped or killed if it can be established that they are materially harming such plants." (Id. at pp. 44-47.)[3]
In essence, we reasoned that if rabbits are causing material harm to crops, including ornamental plants, they constitute "pests" rather than "game." (Id. at p. 47.) Consequently, the restrictions on hunting birds and mammals contained in the Fish and Game Code, as implemented and enforced by the Commission and Department, do not apply to the trapping or killing of rabbits as part of a "pest" control effort. No hunting license or other specific authorization from the Commission or the Department is required to control an infestation of rabbits. (Id. at p. 46.) By the same token, the Commission and the Department do not have the statutory authority to prohibit the use of pest control methods to eradicate an infestation of rabbits. Such an administrative prohibition by either agency would be in violation of section 4186, which removes the authority of the Commission and Department *Page 5 
to take any action that would prevent a landowner from "taking" cottontail or brush rabbits "during any time of the year" if the rabbits are causing "damage to crops or forage."[4]
The Commission and Department may only act in compliance with state law. "An administrative agency must act within the powers conferred upon it by law and may not act in excess of those powers." (AmericanFederation of Labor v. Unemployment Ins. Appeals Bd. (1996)13 Cal.4th 1017, 1042; see Woods v. Superior Court (1981) 28 Cal.3d 668, 679;Wildlife Alive v. Chickering (1976) 18 Cal.3d 190, 295; Ferdig v. StatePersonnel Board (1969) 71 Cal.2d 96, 103.) Here, the governing law is section 4186, as discussed in our prior opinion.
We thus conclude in answer to the first question that neither the Commission nor the Department may prohibit a person employed by the association of a common interest development from using air powered pellet projectiles to kill cottontail rabbits that are materially harming landscaping, ornamental plants, or gardens on the property of the association.
2. Statutory Restrictions
The second question presented concerns whether a pellet gun may be used either at night or within 150 yards of an occupied residence without the owner's consent when attempting to control rabbits materially damaging ornamental plants. The question raises the possible application of two Fish and Game Code limitations placed upon hunting. We conclude that while these particular statutory provisions are not applicable, local ordinances may apply regarding the use of a pellet gun to control an infestation of rabbits.
Section 3000 generally prohibits the taking of birds and mammals at night:
 "It is unlawful to take any bird or mammal, except a nongame mammal, between one-half hour after sunset and one-half hour before sunrise of the following day at the place of taking, except as otherwise provided in this code or under such regulations as the commission may adopt. The commission may adopt regulations prohibiting the taking of any nongame mammal between one-half hour after sunset and one-half hour before sunrise of the following day at the place of taking." *Page 6 
Section 3004 generally prohibits using a firearm or other deadly weapon[5] within 150 yards of an occupied building without the owner's consent:
 "It is unlawful for any person, other than the owner, person in possession of the premises, or a person having the express permission of the owner or person in possession of the premises, to hunt or to discharge while hunting, any firearm or other deadly weapon within 150 yards of any occupied dwelling house, residence, or other building or any barn or other outbuilding used in connection therewith. The 150-yard area is a `safety zone.'"
Sections 3000 and 3004 are limited to the taking of birds and mammals while "hunting." These and other requirements that come under the Commission's and Department's jurisdictions, such as possession of a hunting license (Cal. Code Reg., tit. 14, § 700) and a "bag limit" of five rabbits per day (Cal. Code Reg., tit. 14, § 308), do not govern when the activity is conducted pursuant to some other authorization. We have already concluded that when rabbits are materially harming ornamental plants, they do not constitute "game," but rather constitute "pests." (87 Ops.Cal.Atty.Gen., supra, at p. 47.) And, as pests, they are not being "hunted"; they are being controlled and eradicated due to the damage they are causing to crops. Consequently, neither section 3000 nor section 3004 applies to limit the means by which a person may eradicate an infestation of rabbits. As we explained in answer to the first question, section 4186 prevents any application of the terms of section 3000 or section 3004 in a manner that would restrict a landowner from "taking" cottontail or brush rabbits "during any time of year" if the rabbits are causing "damage to crops or forage."
There is, however, an additional consideration, one of constitutional dimension. Under section 7 of article XI of the Constitution, "a county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general law." This constitutional power granted to cities and counties, commonly known as the "police power," has been found to be "as broad as the police power exercisable by the Legislature itself," except for its territorial limits and subordination to state law provisions. (Birkenfeld v. City of Berkeley (1976) 17 Cal.3d 129, 140.)
With respect to "state law," the Supreme Court has recognized that "the Legislature has preempted discrete areas of gun regulation rather than the entire field of gun *Page 7 
control." (Great Western Shows, Inc. v. County of Los Angeles (2002)27 Cal.4th 853, 861.) Here, the Legislature has preempted local control over "the manufacture, sale or possession" of pellet guns. (Gov. Code, § 53071.5; Pen. Code, § 12556, subd. (d)(5), (12).) Accordingly, a city or county may not regulate the manufacture, sale, or possession of pellet guns, but may regulate the shooting of pellet guns within its jurisdiction to reflect the needs of the particular community. (SeeNordyke v. King (2002) 27 Cal.4th 875, 881-885; Great Western Shows,Inc. v. County of Los Angeles, supra, 27 Cal.4th at pp. 860-870;Suter v. City of Lafayette (1997) 57 Cal.App.4th 1109, 118-1128.)
We thus conclude in answer to the second question that a person employed by the association of a common interest development may use air powered pellet projectiles to kill cottontail rabbits between one-half hour after sunset and one-half hour before sunrise, and within 150 yards of an occupied residence without the owner's permission, if the rabbits are materially harming landscaping, ornamental plants, or gardens on the property of the association, and such use is in conformity with applicable local ordinances.
[1] A common interest development is a real property development in which a separate interest is coupled with either an undivided interest in all or part of the common area, or with membership in an association that owns all or part of the common area. (Civ. Code, §§ 1351, 1352.) Unless otherwise provided for in the development's governing documents, the association that manages the common interest development, as opposed to the owners of the separate interests, is responsible for maintaining, repairing, and replacing the common areas. (Civ. Code, § 1364, subd. (a).) Thus, the installation and upkeep of landscaping in the common areas is typically the responsibility of the managing association.
[2] All further references to the Fish and Game Code are by section number only.
[3] Section 4186 states:
"Nothing in this code prohibits the owner or tenant of land, or any person authorized in writing by such owner or tenant, from taking cottontail or brush rabbits during any time of the year when damage to crops or forage is being experienced on such land. Any person other than the owner or tenant of such land shall have in possession when transporting rabbits from such property written authority from the owner or tenant of land where such rabbits were taken. Rabbits taken under the provision of this code may not be sold."
[4] We reject the suggestion that section 4186 precludes only the application of "seasonal" statutory restrictions on hunting when damage to crops or forage is being experienced. Prohibiting pest control efforts without a hunting license, for example, would constitute an unauthorized prohibition against taking rabbits under section 4186 "during any time of the year" that the person is without a license.
[5] While a pellet gun is not a "firearm" (see People v.Lochtefeld (2004) 77 Cal.App.4th 533, 535; People v. Vasquez (1992)7 Cal.App.4th 763, 766-768; In re Jose A. (1992) 5 Cal.App.4th 697,700-702; People v. Malone (1977) 72 Cal.App.3d 649, 655), it may constitute a "deadly weapon" (see People v. Lochtefeld, supra,77 Cal.App.4th at pp. 535-541; People v. Sherman (1967) 251 Cal.App.2d 849,857 [pellet gun used to shoot gophers]). *Page 1