Filed 12/23/15  P. v. Hernandez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RICHARD ANTHONY HERNANDEZ,<br><br>Defendant and Appellant. | F069071<br><br>(Super. Ct. No. SUF22991)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Heather MacKay, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Ivan P. Marrs, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Gomes, Acting P.J., Kane, J. and Smith, J.

## INTRODUCTION

The Three Strikes Reform Act of 2012 (Proposition 36) permits third strike offenders serving indeterminate life sentences for crimes that are not serious or violent felonies to petition for resentencing.  (Pen. Code,[1] § 1170.126 et seq.)  If a petitioning offender satisfies the statute's eligibility criteria, they are resentenced as a second strike offender "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."  (§ 1170.126, subd. (f) (hereafter § 1170.126(f).)

Following the enactment of Proposition 36, defendant filed a petition for resentencing.  After a hearing on the matter, the superior court found defendant posed an unreasonable risk to public safety, and denied the petition.  On appeal, defendant contends (1) the language of Proposition 36 creates a presumption in favor of resentencing, (2) the People were required to prove defendant's current dangerousness beyond a reasonable doubt, (3) the superior court abused its discretion by denying defendant's petition for resentencing, and (4) the definition of "unreasonable risk of danger to public safety" included in section 1170.18, subdivision (c), applies to Proposition 36.  We affirm the superior court's order.

## FACTS

On August 18, 1997, defendant overpowered a guard and escaped from the Merced County Jail.  During the eight months following his escape, defendant engaged in a string of residential burglaries and attempted residential burglaries, many of which occurred while the residents were present.

Following his recapture, a jury convicted defendant on one count of escape by force or violence (§ 4532, subd. (b)(2)).  At sentencing, the trial court found defendant

---

[1]     Unless otherwise indicated, all statutory references are to the Penal Code.

had two prior strikes and sentenced him as a third-strike offender to a term of 25 years to life in prison.[2]

On May 10, 2013, defendant filed a petition for recall of sentence pursuant to Proposition 36. At the hearing on defendant's petition, the People did not dispute defendant's statutory eligibility to be resentenced, but argued his release would pose an unreasonable risk of danger to public safety. Specifically, the People noted the dangerous nature of defendant's burglary spree following his escape, as well as defendant's prison disciplinary record, which included a number of non-violent rules violations from 2001 to 2012.

At the conclusion of the hearing, the court denied defendant's petition on the grounds he posed an unreasonable risk of danger to public safety. In support of its finding, the court cited the force used in defendant's escape, the dangerous nature of the occupied-residence burglaries committed by defendant after his escape from jail, defendant's lack of remorse, and defendant's poor record of rehabilitation while imprisoned. This appeal followed.

## DISCUSSION

### I. *Section 1170.126(f) does not create a presumption in favor of resentencing.*

Under Proposition 36, if a petitioning inmate meets the statutory eligibility requirements, "the petitioner shall be resentenced … unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126(f).) On appeal, defendant asserts this language creates a presumption in favor of resentencing that limits the trial court's discretion to deny

---

[2] In a separate action, defendant was convicted by bench trial on seven counts of first degree residential burglary, two counts of attempted first degree residential burglary, and two counts of second degree burglary for the crimes committed following his escape. In that case, the trial court sentenced defendant as a third-strike offender to a term of 25 years to life in prison for one count of first degree residential burglary, to run consecutive with an aggregate term of 20 years eight months in prison for the remaining convictions.

3.

resentencing to extraordinary circumstances falling outside of the spirit of Proposition 36. We disagree.

Section 1170.126(f) states that a statutorily-eligible petitioning inmate "shall" be resentenced, "unless" the trial court determines the inmate poses an unreasonable risk of danger to public safety. Fairly read, this language mandates the resentencing of statutorily-eligible petitioners who do not pose a danger to public safety, but prohibits the resentencing of petitioners who pose an unreasonable risk of such danger.[3] Therefore, section 1170.126(f), does not create a presumption in favor of resentencing, but rather establishes different compulsory actions for different factual situations.

Defendant's argument that the denial of resentencing should be reserved for extraordinary cases is misplaced. As we have noted, the text of section 1170.126(f) expressly prohibits the resentencing of an inmate if the court deems the inmate to pose an unreasonable risk of danger to public safety. No statutory language limits this prohibition to only those cases where the inmate poses an *extraordinary* risk of danger to public safety. Instead, the court must deny resentencing to statutorily-eligible inmates if they pose an unreasonable risk of danger to public safety. Accordingly, defendant's argument must fail.

## II. *Dangerousness need not be proven beyond a reasonable doubt.*

Defendant also contends that the People were required to prove his dangerousness beyond a reasonable doubt. We disagree.

Under section 1170.126(f), the determination of a petitioner's dangerousness is left to the discretion of the trial court. "[A] court's discretionary decision to decline to

---

[3] While we acknowledge the determination of an inmate's dangerousness is left to the discretion of the sentencing court, we do not conclude the sentencing court has the discretion to resentence an inmate it has deemed to pose an unreasonable risk of danger to public safety. Accordingly, the denial of resentencing to inmates who pose an unreasonable risk of danger to public safety is not discretionary, but compulsory.

modify the sentence in (a petitioner's) favor can be based on any otherwise appropriate factor (i.e., dangerousness), and such factor need not be established by proof beyond a reasonable doubt to a jury." (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1303 (*Kaulick*).) Instead, "once a defendant is eligible for an increased penalty, the trial court, in exercising its discretion to impose that penalty, may rely on factors established by a preponderance of the evidence. [Citation.]" (*Id*. at p. 1305.)

Given the foregoing, we conclude a court's decision to deny a petition for recall of sentence is reviewed only for an abuse of discretion, and need not be supported by a proof beyond a reasonable doubt, or even by a preponderance of the evidence. That is not to say, however, that the trial court's decision need not be supported by evidence. As noted in *Kaulick*, the burden of proof falls with the People, and the facts relied on by the sentencing court must be established by a preponderance of the evidence. (*Kaulick*, *supra*, 215 Cal.App.4th at p. 1305.) Put differently, while the court's decision need not be established by a preponderance of the evidence, the facts relied upon by the sentencing court must be established by a preponderance of the evidence.

Here, defendant does not dispute that the facts underlying the trial court's decision were established by a preponderance of the evidence, he merely asserts that the evidence presented at trial did not establish beyond a reasonable doubt that defendant posed an unreasonable risk of danger to public safety. As defendant's argument mischaracterizes both the burden of proof and standard of review, it must be rejected.

### III.    *The trial court did not err by denying defendant's petition for resentencing.*

As noted above, under Proposition 36, statutorily eligible petitioners "shall be resentenced … unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126(f).) In exercising its discretion, "the court may consider: [¶] (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes; [¶]

5.

(2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.126, subd. (g).)

We review a trial court's determination that an inmate poses an unreasonable risk of danger to public safety for an abuse of discretion. (*People v. Davis* (2015) 234 Cal.App.4th 1001, 1017.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

Here, the record established that defendant had a history of breaking into occupied homes. While such crimes carry an obvious risk of a violent confrontation between the burglar and the home occupants, defendant contends his crimes do not establish any risk of danger to public safety, as no resident was ever actually harmed in any of his burglaries or attempted burglaries. Despite defendant's assertion, we cannot conclude that a dangerousness determination must ignore the potential danger of criminal acts and focus solely on the harms that actually occurred in the defendant's prior crimes. The statute requires a risk assessment. Accordingly, we find the superior court was justified in assessing the potential dangers involved in defendant's burglaries, even if no violence had occurred in his prior break-ins.

Further, even if we were to ignore the risk of *violence* posed by defendant's burglaries, we would not necessarily conclude the superior court erred in citing the crimes as proof of defendant's dangerousness. When interpreting a ballot initiative we afford words their ordinary and usual meanings. (*People v. Park* (2013) 56 Cal.4th 782, 796.) "Safety" has been defined as "the condition of being safe: freedom from exposure to danger: exemption from hurt, injury, or loss" (Webster's 3d New Internat. Dict. (1986) p. 1998) and "[t]he condition of being safe; freedom from danger, risk, or injury" (American Heritage Dict. (3d college ed. 2000) p. 1199).

Upon viewing these definitions, it cannot seriously be asserted that only violent criminals pose a danger to the public safety, as non-violent offenses such as burglary or narcotics distribution create considerable risk of loss or injury to members of the community, as well as significant exposure to danger. This reality is readily reflected in the three strikes law itself, which classifies first degree burglary and furnishing certain drugs to a minor as strikes, and in the language of Proposition 36 itself, which expressly prohibits resentencing for individuals convicted of specified non-violent narcotics violations. (§§ 667, subds. (d)(1), (e)(2)(C)(i), 1192.7, subd. (c)(18) & (24), 1170.126, subd. (e)(2), 1170.12, subd. (c)(2)(C)(i).)

Given the foregoing, we conclude the risk of danger referred to in Proposition 36 does not refer solely to the risk of violence, but rather to a more generalized risk of harm or loss. As defendant's history of residential burglaries caused material losses in the communities affected by defendant's criminal acts, the superior court did not err by citing those crimes as evidence of defendant's dangerousness.

Defendant also claims the superior court's dangerousness determination was erroneous because, even if resentenced, defendant's various burglary convictions ensure he will not be eligible for parole until he is 78 years old, at which point he is unlikely to pose a risk to anyone. While defendant is correct in noting that resentencing in this case would do nothing to impact the sentences he is currently serving four convictions incurred in other criminal proceedings, we disagree with his claim that the superior court must assess his dangerousness in light of the release date posed by those sentences.

As evidenced by Proposition 36 itself, criminal convictions and the sentences that flow from them are not immutable. Accordingly, the superior court cannot rely on the continued integrity of sentences imposed in criminal matters that are not before the court when determining the risk of resentencing a defendant in a criminal matter that *is* before the court. Designating a currently-dangerous defendant as non-dangerous because of the presence of an additional, consecutive sentence would be a calamitous error if that

additional sentence were later overturned, commuted, or otherwise recalled. Therefore, we conclude the court must consider only the sentence subject to the petition for recall when making a determination of a defendant's dangerousness, and reject defendant's contentions to the contrary.**4**

## IV. *Proposition 47's definition of "unreasonable risk of danger to public safety" does not apply to appellant's petition.*

On November 4, 2014, voters enacted the Safe Neighborhoods and Schools Act (Proposition 47). Under Proposition 47, certain offenses that were previously sentenced as felonies or "wobblers" were reduced to misdemeanors, and individuals serving felony sentences for those offenses were permitted to petition for resentencing. (§ 1170.18, subd. (a).) Assuming the petitioning inmate meets the statutory eligibility requirements, the trial court must resentence the inmate in accordance with Proposition 47 "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

Unlike Proposition 36, Proposition 47 specifically defines "unreasonable risk of danger to public safety." That definition reads as follows: "As used throughout this Code, 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." (§ 1170.18, subd. (c).)

Section 667, subdivision (e)(2)(C)(iv) enumerates eight felonies or classes of felonies:

> "The defendant suffered a prior serious and/or violent felony conviction, as defined in subdivision (d) of this section, for any of the following felonies:

---

**4** Indeed, defendant's argument would lead to the bizarre conclusion that a defendant serving multiple life sentences would be entitled to greater leniency when petitioning for recall of a sentence that a defendant serving only one life sentence.

8.

"(I) A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.

"(II) Oral copulation with a child who is under 14 years of age, and who is more than 10 years younger than he or she as defined by Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than he or she as defined by Section 286, or sexual penetration with another person who is under 14 years of age, and who is more than 10 years younger than he or she, as defined by Section 289.

"(III) A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288.

"(IV) Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive.

"(V) Solicitation to commit murder as defined in Section 653f.

"(VI) Assault with a machine gun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of Section 245.

"(VII) Possession of a weapon of mass destruction, as defined in paragraph (1) of subdivision (a) of Section 11418.

"(VIII) Any serious and/or violent felony offense punishable in California by life imprisonment or death."

On appeal, defendant asserts that this definition of "unreasonable risk of danger to public safety" also applies to petitions for resentencing under Proposition 36. We disagree.[5]

"'"'When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it." [Citation.]' [Citation.]" (*People v. Hendrix* (1997) 16 Cal.4th 508, 512.) However, "the language of a statute should not be given a literal meaning if doing so would result in absurd consequences that the [voters] did not intend." (*In re Michele D.* (2002) 29 Cal.4th 600, 606.)

Here, it appears clear that the phrase "[a]s used throughout this Code," employed in section 1170.18, subdivision (c), refers to the entire Penal Code, not merely the

---

**5** This issue is currently pending review by the Supreme Court. (See *People v. Valencia,* review granted Feb. 18, 2015, S223825; *People v. Payne*, review granted Mar. 25, 2015, S223856.)

provisions contained in Proposition 47.  (See *People v. Bucchierre* (1943) 57 Cal.App.2d 153, 164–166; see also *Marshall v. Pasadena Unified School Dist.* (2004) 119 Cal.App.4th 1241, 1254–1255; *People v. Vasquez* (1992) 7 Cal.App.4th 763, 766.)  We conclude, however, that such an interpretation would lead to consequences the voters did not intend when they enacted Proposition 47.

By its provisions, Proposition 47 reduces the sentences of inmates serving felony sentences for specified offenses that are now classified as misdemeanors.  Nowhere in the ballot materials on Proposition 47 were voters informed the law would also modify the resentencing provisions of Proposition 36, which concerns recidivist inmates serving sentences for felony offenses that remain classified as felonies.

The official title and summary, legal analysis, and arguments for and against Proposition 47 are all silent on what effect, if any, Proposition 47 would have on Proposition 36.  As we cannot conclude the voters intended an effect of which they were unaware, we decline to conclude the voters intended for Proposition 47's definition of "unreasonable risk of danger to public safety" to apply to section 1170.126(f), of Proposition 36.

Further, while we are aware "[i]t is an established rule of statutory construction ... that when statutes are *in pari materia* similar phrases appearing in each should be given like meanings," we are not persuaded that Propositions 36 and 47 are in pari materia. (*People v. Caudillo* (1978) 21 Cal.3d 562, 585, overruled on another ground in *People v. Martinez* (1999) 20 Cal.4th 225, 229, 237, fn. 6.)  Two "'[s]tatutes are considered to be in pari materia when they relate to the same person or thing, to the same class of person[s or] things, or have the same purpose or object.'"  (*Walker v. Superior Court* (1988) 47 Cal.3d 112, 124, fn. 4, quoting 2A Sutherland, Statutory Construction (Sands, 4th ed. 1984) § 51.03, p. 467.)

Here, Proposition 47 deals with individuals sentenced as felons for crimes that are now misdemeanors, while Proposition 36 deals with inmates with at least two violent or

serious felonies who are currently serving indeterminate life sentences for a third felony conviction. These laws deal with very different levels of punishment, and very different severity of offenses. Even if the statutes are in pari materia, however, canons of statutory construction are not dispositive, and serve as "mere[] aids to ascertaining probable legislative intent." (*Stone v. Superior Court* (1982) 31 Cal.3d 503, 521, fn. 10.)

Given our review of Proposition 47, we must conclude that voters intended the law to apply to the sentencing and resentencing of the misdemeanor offenses enumerated within that law, and not to the previously enacted provisions of Proposition 36. Accordingly, defendant is not entitled to remand that would subject his resentencing under Proposition 36 to the definition of "unreasonable risk of danger to public safety" contained in Proposition 47.

## DISPOSITION

The order is affirmed.