Filed 12/28/15  P. v. Hamilton CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

THE PEOPLE,

      Plaintiff and Respondent,

          v.

LIONEL HAMILTON,

      Defendant and Appellant.

F069272

(Super. Ct. No. SC061057A)

**OPINION**

---

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and John G. McLean, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*]      Before Kane, Acting P.J., Detjen, J. and Smith, J.

-ooOoo-

## INTRODUCTION

The Three Strikes Reform Act of 2012 (Proposition 36) permits third strike offenders serving indeterminate life sentences for crimes that are not serious or violent felonies to petition for resentencing. (Pen. Code,[1] § 1170.126 et seq.) If a petitioning offender satisfies the statute's eligibility criteria, they are resentenced as a second strike offender "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

Following the enactment of Proposition 36, defendant filed a petition for resentencing. After a hearing on the matter, the superior court found defendant posed an unreasonable risk to public safety, and denied the petition. On appeal, defendant contends (1) the language of Proposition 36 creates a presumption in favor of resentencing, (2) the superior court abused its discretion by denying defendant's petition for resentencing, and (3) the definition of "unreasonable risk of danger to public safety" included in Safe Neighborhoods and Schools Act applies to Proposition 36. We affirm.

## FACTS

On August 10, 1994, defendant was arrested after selling .25 grams of rock cocaine to a confidential informant. Following his arrest, a jury convicted defendant of selling cocaine base (Health & Saf. Code, § 11352) and possessing cocaine base (Health & Saf. Code, § 11351.5). At sentencing, the trial court found defendant to have two prior strikes for armed robbery and sentenced him as a third-strike offender to a term of 25 years to life in prison.

On January 10, 2013, defendant filed a petition for recall of sentence pursuant to Proposition 36. At the hearing on defendant's petition, the People did not dispute defendant's statutory eligibility to be resentenced, but argued his release would pose an

---

[1]     Unless otherwise indicated, all statutory references are to the Penal Code.

2.

unreasonable risk of danger to public safety. In support of this contention, the People noted defendant's lengthy criminal history, which included 11 juvenile adjudications and felony convictions for offenses such as battery, multiple armed robberies, and multiple auto thefts. The People also noted defendant's prison disciplinary record, which included a number of non-violent rules violations, a rules violations for participating in a prison riot, a rules violation for participating in behavior which could lead to violence, a 2009 rules violation for battery of a correctional officer, and a 2006 rules violation for attempted murder of a corrections officer, following which defendant pled no contest to a felony battery charge.

In response, defendant testified the corrections officers lied about defendant assaulting them, noted he had not had a violent rules violation in seven years, and stated that while he still associated with the Crips, he was no longer an active gang member.

Following the hearing, the court denied defendant's petition for resentencing on the grounds he posed an unreasonable risk of danger to public safety. This appeal followed.

## DISCUSSION

### I. *Proposition 36 does not create a presumption in favor of resentencing.*

Under Proposition 36, if a petitioning inmate meets the statutory eligibility requirements, "the petitioner shall be resentenced … unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) On appeal, defendant asserts this language creates a presumption in favor of resentencing that limits the trial court's discretion to deny resentencing to extraordinary circumstances falling outside of the spirit of Proposition 36. We disagree.

Section 1170.126, subdivision (f) states that a statutorily-eligible petitioning inmate "shall" be resentenced, "unless" the trial court determines the inmate poses an unreasonable risk of danger to public safety. Fairly read, this language mandates the

3.

resentencing of statutorily-eligible petitioners who do not pose a danger to public safety, but prohibits the resentencing of petitioners who pose an unreasonable risk of such danger.**2** Therefore, section 1170.126, subdivision (f), does not create a presumption in favor of resentencing, but rather establishes different compulsory actions for different factual situations.

Defendant's argument that the denial of resentencing should be reserved for extraordinary cases is misplaced. As we have noted, the text of section 1170.126, subdivision (f) expressly prohibits the resentencing of an inmate if the court deems the inmate to pose an unreasonable risk of danger to public safety. No statutory language limits this prohibition to only those cases where the inmate poses an *extraordinary* risk of danger to public safety. Accordingly, defendant's argument must fail.

## II. *The trial court did not err by denying defendant's petition for resentencing.*

As noted above, under Proposition 36, statutorily eligible petitioners "shall be resentenced … unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) In exercising its discretion, "the court may consider: [¶] (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes; [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.126, subd. (g).)

---

**2** While we acknowledge the determination of an inmate's dangerousness is left to the discretion of the sentencing court, we do not conclude the sentencing court has the discretion to resentence an inmate it has deemed to pose an unreasonable risk of danger to public safety. Accordingly, the denial of resentencing to inmates who pose an unreasonable risk of danger to public safety is not discretionary, but compulsory.

We review a trial court's determination that an inmate poses an unreasonable risk of danger to public safety for an abuse of discretion. (*People v. Davis* (2015) 234 Cal.App.4th 1001, 1017.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

In the instant case, the record shows a lengthy criminal history for defendant – including numerous convictions for armed robbery – as well as a pronounced tendency to re-offend shortly after being released from prison. The record also shows a troubling disciplinary history of violence while incarcerated. Defendant not only failed to refrain from violent behavior while incarcerated, but obtained a conviction for felony battery after he assaulted a corrections officer, and received another rules violation for battery of a corrections officer just two years after the battery conviction. Given this record, we cannot conclude the superior court's determination that defendant currently poses an unreasonable risk of danger to public safety is "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony*, *supra*, 33 Cal.4th at p. 377.)

Similarly, we reject defendant's assertion that his violent behavior is explained by his mounting frustration over his unjustly long sentence. Excusing violent acts committed during a prolonged period of incarceration would not only be antithetical to the purpose of Proposition 36, it would specifically contradict the statutory language permitting the court to consider "[t]he petitioner's disciplinary record and record of rehabilitation while incarcerated[.]" (§1170.126, subd. (g)(2).) Further, adopting defendant's position would require the court to discount a defendant's most recent rules violations, which are the violations most relevant to a determination of an inmates current dangerousness. We decline to embrace such a counter-intuitive approach, and we find no abuse of discretion in the superior court's denial of defendant's petition for resentencing.

## II. Proposition 47's definition of "unreasonable risk of danger to public safety" does not apply to defendant's petition.

On November 4, 2014, voters enacted the Safe Neighborhoods and Schools Act (Proposition 47). Under Proposition 47, certain offenses that were previously sentenced as felonies or "wobblers" were reduced to misdemeanors, and individuals serving felony sentences for those offenses were permitted to petition for resentencing. (§ 1170.18, subd. (a).) Assuming the petitioning inmate meets the statutory eligibility requirements, the trial court must resentence the inmate in accordance with Proposition 47 "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

Unlike Proposition 36, Proposition 47 specifically defines "unreasonable risk of danger to public safety." That definition reads as follows: "As used throughout this Code, 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." (§ 1170.18, subd. (c).)

Section 667, subdivision (e)(2)(C)(iv) enumerates eight felonies or classes of felonies:

> "The defendant suffered a prior serious and/or violent felony conviction, as defined in subdivision (d) of this section, for any of the following felonies:
>
> "(I) A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.
>
> "(II) Oral copulation with a child who is under 14 years of age, and who is more than 10 years younger than he or she as defined by Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than he or she as defined by Section 286, or sexual penetration with another person who is under 14 years of age, and who is more than 10 years younger than he or she, as defined by Section 289.
>
> "(III) A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288.

"(IV) Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive.

"(V) Solicitation to commit murder as defined in Section 653f.

"(VI) Assault with a machine gun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of Section 245.

"(VII) Possession of a weapon of mass destruction, as defined in paragraph (1) of subdivision (a) of Section 11418.

"(VIII) Any serious and/or violent felony offense punishable in California by life imprisonment or death."

On appeal, defendant asserts that this definition of "unreasonable risk of danger to public safety" also applies to petitions for resentencing under Proposition 36. We disagree.[3]

"'"'When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it." [Citation.]' [Citation.]" (*People v. Hendrix* (1997) 16 Cal.4th 508, 512.) However, "the language of a statute should not be given a literal meaning if doing so would result in absurd consequences that the [voters] did not intend." (*In re Michele D.* (2002) 29 Cal.4th 600, 606.)

Here, it appears clear that the phrase "[a]s used throughout this Code," employed in section 1170.18, subdivision (c), refers to the entire Penal Code, not merely the provisions contained in Proposition 47. (See *People v. Bucchierre* (1943) 57 Cal.App.2d 153, 164–166; see also *Marshall v. Pasadena Unified School Dist.* (2004) 119 Cal.App.4th 1241, 1254–1255; *People v. Vasquez* (1992) 7 Cal.App.4th 763, 766.) We conclude, however, that such an interpretation would lead to consequences the voters did not intend when they enacted Proposition 47.

By its provisions, Proposition 47 reduces the sentences of inmates serving felony sentences for specified offenses that are now classified as misdemeanors. Nowhere in the

---

**3** This issue is currently pending review by the California Supreme Court. (See *People v. Valencia,* review granted Feb. 18, 2015, S223825; *People v. Payne*, review granted Mar. 25, 2015, S223856.)

ballot materials on Proposition 47 were voters informed the law would also modify the resentencing provisions of Proposition 36, which concerns recidivist inmates serving sentences for felony offenses that remain classified as felonies.

The official title and summary, legal analysis, and arguments for and against Proposition 47 are all silent on what effect, if any, Proposition 47 would have on Proposition 36. As we cannot conclude the voters intended an effect of which they were unaware, we decline to conclude the voters intended for Proposition 47's definition of "unreasonable risk of danger to public safety" to apply to section 1170.126, subdivision (f), of Proposition 36.

Further, while we are aware "[i]t is an established rule of statutory construction ... that when statutes are *in pari materia* similar phrases appearing in each should be given like meanings," we are not persuaded that Propositions 36 and 47 are in pari materia. (*People v. Caudillo* (1978) 21 Cal.3d 562, 585, overruled on another ground in *People v. Martinez* (1999) 20 Cal.4th 225, 229, 237, fn. 6.) Two "'[s]tatutes are considered to be in pari materia when they relate to the same person or thing, to the same class of person[s or] things, or have the same purpose or object.'" (*Walker v. Superior Court* (1988) 47 Cal.3d 112, 124, fn. 4, quoting 2A Sutherland, Statutory Construction (Sands, 4th ed. 1984) § 51.03, p. 467.)

Here, Proposition 47 deals with individuals sentenced as felons for crimes that are now misdemeanors, while Proposition 36 deals with inmates with at least two violent or serious felonies who are currently serving indeterminate life sentences for a third felony conviction. These laws deal with very different levels of punishment, and very different severity of offenses. Even if the statutes are in pari materia, however, canons of statutory construction are not dispositive, and serve as "mere[] aids to ascertaining probable legislative intent." (*Stone v. Superior Court* (1982) 31 Cal.3d 503, 521, fn. 10.)

Given our review of Proposition 47, we must conclude that voters intended the law to apply to the sentencing and resentencing of the misdemeanor offenses enumerated

within that law, and not to the previously enacted provisions of Proposition 36. Accordingly, defendant is not entitled to remand that would subject his resentencing under Proposition 36 to the definition of "unreasonable risk of danger to public safety" contained in Proposition 47.

## DISPOSITION

The order is affirmed.